FRANKLIN BLANCHARD *vs.* ALONZO V. BLANCHARD.

Hampden.    Sept. 28, 1875; April 1, 1876. — June 29, 1877.    SOULE, J., absent.

An indorsement, in the handwriting of the debtor, but not signed by him, of a payment of part of a promissory note, will not prevent the operation of the statute of limitations, if no money or valuable consideration actually passes between the parties, even if the parties, at the time of the indorsement, orally agree that it shall be deemed to be a payment.

CONTRACT to recover the balance of two promissory notes, payable to the plaintiff or order, one for $3549.88, dated July 1, 1863, and the other for $7132.28, dated July 7, 1863, both signed by the defendant and by one John D. Blanchard, since deceased. Upon each of the notes was the following indorsement : " Received fifty dollars on this note, June 8, 1866." Writ dated June 7, 1872. Answer, the statute of limitations.

At the trial in the Superior Court, before *Rockwell*, J., the plaintiff proved the execution of the notes, and that the indorsements were in the handwriting of the defendant, and rested his case.

The defendant was called as a witness, and was allowed to testify, against the plaintiff's objection, that, at the time of the indorsements, no payments were made, and that none were ever made upon either of the notes. He admitted, however, that the indorsements were in his handwriting, and said that he made them at the request of the plaintiff, but he could not remember for what purpose, or what was said on that occasion.

The plaintiff then offered to prove that it was understood and agreed between the plaintiff and the defendant, at the time these indorsements were made, that the making of the indorsements, or what occurred on that occasion, should, as between the par-

ties, be deemed a payment of $50 upon each of the notes, and that such payment should have the effect to take the notes out of the statute of limitations, when six years from their date had passed, and that the plaintiff might not sue the notes before the six years from their date had expired ; and that, relying upon this agreement, and in pursuance thereof, he did not sue the notes until after more than six years from their date. To this · evidence the defendant objected, and it was excluded. The plaintiff testified that the indorsements were made only a short time before the expiration of six years from the date of the notes, and not at the time indicated by their dates. Neither party claimed the right to have the facts involved in the above evidence found by the jury.

Upon these facts the judge ruled that there was no such payment upon either of the notes as would take it out of the statute of limitations, and that the plaintiff could not recover thereon, and by consent of parties reported the case to this court, upon the questions of law involved. If all the above rulings were correct, judgment was to be rendered for the defendant ; otherwise, the case to stand for trial.

The case was argued in September, 1875, and reargued in April, 1876.

*M. P. Knowlton*, for the plaintiff. 1. There was evidence of a payment upon each of the notes, sufficient to take it out of the statute of limitations. *Sibley* v. *Phelps*, 6 Cush. 172. The defendant agreed that it might be so used, with full effect, and the plaintiff, relying upon this agreement and upon the writing given him, forbore to sue the notes within six years, as he would otherwise have done.

2 What occurred between the parties was an actual payment. Payment may be by note, by credit upon account, or by any benefit or act which is agreed by the parties to be taken as such. *Ilsley* v. *Jewett*, 2 Met. 168. *Sigourney* v. *Wetherell*, 6 Met. 553. *Hooper* v. *Stephens*, 4 A. & E. 71. *Sibley* v. *Lumbert*, 30 Maine, 253. *Bodger* v. *Arch*, 10 Exch. 333. In the case at bar, it was by a promise to extend the notes, which was accepted as of the value of fifty dollars for each, and instead of a **money payment** of that amount.

3. Apart from payment, there was a waiver of the statute by the defendant. *Webber* v. *Williams College*, 23 Pick. 302. This decision is not affected by the Gen. Sts. c. 155, § 13, for there was no acknowledgment or promise, but a proposition, the acceptance of which amounted to a waiver of his legal right.

4. The case at bar is not within the principle of *Smith* v. *Dunham*, 8 Pick. 246, which held, that a note, not attested when delivered, could not be made an attested note, within the meaning of the statute, by a subsequent agreement of the parties that it should be so considered. The statute prescribes different times of limitation for different contracts: for specialties and simple contracts, for attested notes and ordinary notes. These contracts have each a well defined legal meaning which the statute contemplates, and which cannot be changed by agreement of parties. But payment is purely a matter between the parties. Nothing is payment which is not received as such, and anything is payment which is done or promised and accepted as such.

5. If either party, relying upon the agreements of the other, considered that there had been a payment, gave up rights on account of it, the other is estopped from denying that it was really such. The defendant impliedly contracted that he would not destroy by his denial the evidence of payment which he had given. He knew that his permission to the plaintiff to hold the notes good beyond the six years without suit was received and acted on by the plaintiff as a payment, and he could not afterward deny that it was such. *Dewey* v. *Bell*, 5 Allen, 165. *Hooker* v. *Hubbard*, 97 Mass. 175. *Frost* v. *Saratoga Ins. Co.* 5 Denio, 154. *Sheldon* v. *Connecticut Ins. Co.* 25 Conn. 207. *Smith* v. *Smith*, 14 Gray, 532. *Plumer* v. *Lord*, 9 Allen, 455.

*H. Morris*, for the defendant.

ENDICOTT, J. The indorsements on the notes in the handwriting of the defendant, to the effect that $50 had been received on each note, were *primâ facie* evidence of actual payments, sufficient to prevent the operation of the statute of limitations. *Sibley* v. *Phelps*, 6 Cush. 172. They were in the nature of receipts that so much money had been paid by the defendant and received by the plaintiff. But they were only *primâ facie* evidence, which could be rebutted by proof that the transaction was merely colorable or incomplete, and that no money had in

fact Leen paid.  A receipt or indorsement is always open to explanation.  It is merely evidence of a fact, and may be explained or contradicted by either party.  *Hildreth* v. *O'Brien*, 10 Allen, 104.  *Foster* v. *Dawber*, 6 Exch. 839, 848.  *M'Crea* v. *Purmort*, 16 Wend. 460, 473.

The defendant offered evidence that no money was paid at the time of the indorsements, or at any time.  This was not denied by the plaintiff; but he offered to prove that it was agreed, when the indorsements were made, that, as between the parties, they should be deemed to be a payment of $50 on each note, and that such payment should have the effect to take the notes out of the statute of limitations, when six years from their date had passed; and that the plaintiff might be relieved from suing the notes within the six years, upon which agreement the plaintiff relied, and did not bring his action until after the expiration of six years from their date.  The notes were dated in July, 1863, and it appeared by the testimony of the plaintiff that the indorsements were in fact made a short time before the expiration of the six years, but were dated back to June, 1866.

The presiding judge ruled that the evidence of the agreement offered by the plaintiff was inadmissible, and that there was no such payment upon the notes as would take the case out of the statute of limitations.  We are of opinion that his rulings were right.

The statute provides that no acknowledgment or promise shall be evidence of a new or continuing contract, whereby a case can be taken out of the operation of the statute of limitations, unless made or contained in some writing signed by the party chargeable thereby.  Gen. Sts. *c.* 155, § 13.  This provision cannot lessen the effect of the payment of any principal or interest.  § 17.  It is not contended by the plaintiff that the indorsements on the n.tes were signed by the defendant, within the provisions of § 13.

So much of the oral agreement as related to the effect of the alleged payment, to take the case out of the operation of the statute, was clearly incompetent for that purpose; and the precise question presented is, whether the indorsement on the notes, accompanied by no payment of money or other valuable consideration passing between the parties, can, by an oral agreement, be treated as an actual payment in law.

There can be no question that oral agreements are competent to prove that certain payments of money, or that a note, or the transfer of property, or settlement of accounts, or the assuming of certain obligations of a pecuniary character actually performed, are, as between the parties, to be taken as payments on account or in reduction of a particular note or other debt within the meaning of the statute. *Williams* v. *Gridley*, 9 Met. 482. *Sibley* v. *Phelps*, 6 Cush. 172. *Ilsley* v. *Jewett*, 2 Met. 168. *Sigourney* v. *Wetherell*, 6 Met. 553. *Porter* v. *Blood*, 5 Pick. 54. In *Hooper* v. *Stephens*, 4 A. & E. 71, it was said by Lord Denman, when anything is received upon an agreement in reduction of a debt, that is a payment to take the case out of the statute. *Bodger* v. *Arch*, 10 Exch. 333. *Amos* v. *Smith*, 1 H. & C. 238. See *Ramsay* v. *Warner*, 97 Mass. 8; *Whipple* v. *Blackington*, 97 Mass. 476; *Foster* v. *Starkey*, 12 Cush. 324; *Peirce* v. *Tobey*, 5 Met. 168. But we are of opinion that such oral agreements must conform to, and relate and give color to, some actual transaction, whereby something of value passes between the parties, which in fact reduces the debt, and cannot be extended, or give the character of payment, to a mere formal indorsement or receipt, which does not represent the transfer of money, or other thing of value, nor any reduction of the debt, binding and conclusive between the parties. In other words, payment within the meaning of the statute must be the actual payment of money or its equivalent, upon the principal or interest of the debt, and that payment as a fact is what operates as a renewal of the promise, and not the indorsement, which is merely evidence of the fact. If the fact of payment in this sense is not established, there is no payment on account of the debt. It is the act of payment that takes the case out of the statute. *Egery* v. *Decrew*, 53 Maine, 392.

It was held in *Williams* v. *Gridley*, 9 Met. 482, that an oral admission of a defendant, that he had made a payment on the demand in suit within six years, was competent evidence of payment to take the case out of the statute. The oral admission that the debt was due would not be sufficient, but the admission of payment as a fact was sufficient. And Mr. Justice Dewey in considering the statute and the effect to be given to a "payment of any principal or interest," says: "Is it not payment

proved by any evidence competent, under the rules of the common law, to establish such fact?" In this case, the English decisions are reviewed, where it has been held that such admissions are competent, but that the fact of payment must be proved by other evidence, and, among them, *Waters* v. *Tompkins*, 2 C., M. & R. 723, 726, in which case Baron Parke, in giving judgment, remarks: " The meaning of part payment of the principal is not the naked fact of payment of a sum of money, but payment of a smaller on account of a greater sum due from the person making the payment to him to whom it is made; which part payment implies an admission of such greater sum being then due, and a promise to pay it; and the reason why the effect of such a payment is not lessened by the act is, that it is not a mere acknowledgment by words, but it is coupled with a fact." The difference in the two cases relates simply to the sufficiency or method of proof; both agree that payment as a fact must be proved, to take the case out of the statute. See *Foster* v. *Dawber*, 6 Exch. 839, 853.

It is the act of payment on account of the debt, that takes the case out of the statute. It therefore necessarily follows, that an indorsement, which it is agreed does not represent such a payment, and is not signed by the party to be charged, cannot be made, by force of an oral agreement, evidence of a new and continuing contract. The effect of such evidence would be to defeat the operation of the statute, which can be done only by a writing duly signed, or by a real payment on account of the debt.

This view is sustained by the authorities previously cited, and we know of no case where a mere agreement of the parties to treat an indorsement or receipt as payment, when no money or its equivalent passed on account of the debt, has been held to take the case out of the statute.

In *Webber* v. *Williams College*, 23 Pick. 302, the defendant, before the expiration of the six years, proposed in writing, in answer to a demand for payment of a note, that if the plaintiff would forbear to bring an action at that time, he should have the same rights for one year more than he then had. The court said that this was a waiver of the statute. But we think it plain that this was merely another form of saying that it was a sufficient acknowledgment within the statute. It was an acknowl

edgment of the debt, in writing, duly signed by the treasurer of the college, as appears by a reference to the record.

The case of *Bodger* v. *Arch*, 10 Exch. 333, was cited at the argument, and two later English cases, in the Court of Exchequer have come to our notice, which touch the question here considered. In *Bodger* v. *Arch*, it was held that an agreement between the plaintiff and the defendant, that the future maintenance of the plaintiff's child by the defendant should be taken in part payment of the interest on the defendant's note held by the plaintiff, and which had been acted upon within six years before action brought, was a sufficient payment within the statute. The case was decided on the ground that a part payment need not be in money, but in any mode which the parties agree shall be treated as equivalent to money. Baron Parke, in delivering judgment, stated that all his brethren concurred in the decision, though he himself had some doubt. Baron Martin was of opinion that any facts, which would prove a plea of payment of interest in an action brought to recover it, would be sufficient to bar the statute. If that is the true test, the indorsement in the defendant's handwriting would not preclude the plaintiff from showing that no money had been paid.

In *Amos* v. *Smith*, 1 H. & C. 238, the trustees of a marriage settlement lent to the husband in 1833 some of the money settled to the separate use of his wife, on security of the bond of the husband and the defendant. No interest was paid by the husband, and in 1847 it was arranged between the plaintiffs, the husband and the wife, that she should give the plaintiffs a receipt for the interest due to that date, which she did; and she afterwards gave receipts to the plaintiffs for each half year's interest until 1860, which was within six years. No money passed between the parties, and it was held that the transaction amounted to a payment or satisfaction of the interest so as to take the case out of the statute of limitations. It is to be noticed that the English statute contains the words "payment or satisfaction," while our own contains the word "payment" only. The grounds of the decision were that, by an agreement between the parties, including the wife, a portion of the interest money due the wife under the settlement was to be applied to the payment of the interest on the husband's note. It was

a mode of settlement of accounts between the parties, and Baron Bramwell was of opinion that the wife could not maintain a suit against the trustees to enforce payment of interest to her. He seems also to have laid some stress upon the word "satisfaction," used in the statute, and said that he could not doubt that the interest had been satisfied by the transaction which took place. In both these cases, the agreement was in regard to actual pecuniary transactions, namely, to the support of a child and to the settlement of accounts.

In *Maber* v. *Maber*, L. R. 2 Ex. 153, after a note due to the plaintiff from his son had been barred by the statute, the plaintiff, his son and his son's wife had an interview, in which the interest due was calculated, and the son put his hand in his pocket as if to take out the money and pay it. The plaintiff stopped him, and, writing a receipt for the interest, gave it to his son's wife, saying, " I shall make you a present of this money. See you take care of the receipt; it may be useful to you with my executors." Payment was indorsed, but no money passed, and it was held, Baron Bramwell dissenting, to be a good payment. Baron Martin gave the principal opinion, and puts the decision on the ground that the son was prepared to pay the debt, had the money in his hand to pay, when the creditor in substance said, " Do not pay me. I give you that money, and I consider it as having been paid," at the same time handing the wife a receipt and indorsing payment on the note, and that it would have been a mere formality to have handed the money over which was at hand, and then to have taken it back. Baron Channell, with some hesitation, concurred with Baron Martin, on the ground that the money was in the son's pocket; that he was ready to produce it and pay it when the receipt was given and the indorsement made. Baron Pigott concurred, but gave no opinion. Baron Bramwell (admitting that, if the evidence would have supported a plea of payment, there was sufficient payment to take the case out of the statute) was of opinion that the evidence would not support a plea of payment; that there was no alteration in the legal position of the parties, and that the transaction in substance, on the part of the plaintiff, was, " I will not call upon you to pay, but I will give you a receipt as though you have paid me," and that this was in no sense a

payment within the meaning of the act. The material facts upon which the majority of the court base their decision, namely, that the money was there; that the debtor was ready and intended to pay it, and was prevented by the act of the creditor, are entirely wanting in the case at bar, and we cannot regard it as authority to govern this decision. The case goes further than any decided case that has come to our knowledge, and is in conflict with the numerous cases in the same court which hold that actual payment in money or its equivalent is necessary to avoid the effect of the statute.

It is contended by the plaintiff that the defendant is estopped to deny that the payment on the notes was properly indorsed. But an agreement ineffectual to take a case out of the operation of the statute, because not contained in a writing signed by the party to be charged thereby, cannot work an estoppel. If it could, the statute of limitations and the statute of frauds could always be avoided, where an agreement had been acted upon by the promisee and not performed by the promisor. *Brightman* v. *Hicks*, 108 Mass. 246.                *Judgment for the defendant.*