Boynton, J.
This case was brought here to determine the question whether a part payment of an account, after six years have elapsed from the time the cause of action thereon accrued, but within six years next prior to the commencement of the action to recover the same, withdraws the case, under § 24 of the code, from the operation of the statute of limitations. An examination of the record shows that the question does not arise. The only evidence given or offered at tbé trial, which is relied on as establishing part payment, consisted of two items of credit appearing upon the books of the plaintiff’s intestate. The items were as follows, to wit: “1870. By one churn, $4.” “1870, July 5. By his account rendered, $19.65.” Both of these items are dated long after the plaintiff’s cause of action was barred by the statute, and there was no evidence tending to show any understanding of the parties that either of them was to be applied or treated as part payment of the account thus barred. To be available to take the case out of the statute, it must appear that there was an agreement or understanding between the debtor and the owner of the account, that the credits given should be re *429 garded and treated as part payment of the same. Hooper v. Stevens, 4 Ad. & El. 71; Bodger v. Arch, 10 Hurls. & Gord. 333.
In Waters v. Tompkins, 2 C. M. & R. 722, it was said, “ the meaning of part payment of the principal is not the naked fact of payment of a sum of money, but payment of a smaller on account of a greater sum due from the person making the payment to him to whom it is made, which part payment implies an admission of suéh greater sum being due.”
And in Waugh v. Cope, 6 M. & W. 824, by Abinger, C. B.: “ The payment must appear either by the declarations or acts of the party making it, or appropriation of the party in whose favor it is made, to be made in part payment of the debt in question. If it stands ambiguous, whether it be part payment of an existing debt, or payment generally, without the admission of any greater debt due to the party, . . . then it is not sufficient to bar the statute of limitations.” And in Blanchard v. Blanchard, 122 Mass. 562: “ Payment within the meaning of the statute must be the actual payment of money, or its equivalent, upon the principal or interest of the debt. ... It is the act of payment on account of the debt, that takes the case out of the statute.”
The items of credit in the account-book of the deceased, given after the statute had barred the action, constitute no evidence that it was the intention of the parties that the articles thus credited should be applied on the barred account as payment.
It is, however, contended that the court here can not know that evidence was not given, showing such understanding, because, it is said, there is no authority to bring such fact upon the record by a bill of exceptions. We can not agree to this. It is true, that the statute does not authorize an exception to the opinion of the justice on a question of fact, and his finding or judgment depending on the weight or sufficiency of the evidence, however slight the evidence may be, can not be examined or reviewed on error. *430 Ohio v. Wood, 22 Ohio St. 537; Leonard v. The City of Cincinnati, 26 Ohio St. 447.
The question here presented, however, is one of law and not of fact; a,question not of the sufficiency, but of the existence, of evidence. Whether there is any testimony tending to establish a fact, or sustain an issue, is a question of law. Berry v. The State, ante 219.
The action brought before the justice upon the account was barred by the statute of limitations, unless by some circumstance it was withdrawn from its operation, and if not so withdrawn no judgment could properly be rendered. To render a judgment without any evidence of a fact necessary to be established, and with no presumption in its favor, is an error of law “ arising during the trial.” (66 Ohio L. 7). Such was the case here. It is as fatal to a judgment that there was no testimony tending to prove a necessary fact, as that no testimony at all was offered or received in the case.
Had the case been tried to a jury it would have been the duty-of the justice to direct a judgment for the defendant for want of testimony tending to establish a fact which was necessary to defeat the operation of the statute. And had he been requested so to do by the defendant, or requested to advise them that the plaintiff could not recover without such proof, and refused, such refusal would have been error for which the judgment would be reversed. It is no less fatal to thé judgment, and the error no less the subject of correction under the statute, that the case was tried by the justice without the intervention of a jury.

Motion overruled.