CAVAN, J.
This is an action of contract to recover money loaned by the plaintiff to the defendant, August 18, 1941. The writ is dated December 28,1948.
The defendant answered, in part, that this cause of action did not accrue within six years before the suing out of the plaintiff’s writ.
The trial judge’s statement of findings of fact is as follows:
“I find from all the creditable evidence that the • Defendant, Paul Hanahan, received from the Plaintiff, Henry A. McDonald, the sum of five hundred ($500.00) dollars as a loan for which the said Defendant, Paul Hanahan, gave to the Plaintiff, Henry A. McDonald, the following receipt:
August 18, 1941
Rec. of H. A. McDonald ($500.00) Five hundred dollars as a loan, payments arrangements to follow at later date.
Signed: Paul Hanahan
Ray Hanahan
Thomas Hanahan
I further find from all the creditable evidence that subsequent to the loan being made, the Defendant entered the Merchant Marine in 1943 and came out of the Merchant Marine in 1945. When the Defendant came out of the Merchant Marine in August of 1945, he went to the Plaintiff seeking employment and at that time was employed by the Plaintiff and they had a talk regarding the payment of the loan and at that time, the Defendant was unable to pay the loan in full but did give to the Plaintiff three U. S. Savings Bonds, Series E with a maturity value of $25.00 each and the value of same at the time the Defendant turned the said bonds over to the plaintiff was in the amount of $56.25. I further find that the defendant gave these bonds to the Plaintiff in good faith as part payment of this loan of $500.00 and that the Plaintiff accepted these bonds in good faith as part payment of this load.
I further find from all creditable evidence that the memorandum relative to this loan provided for pay *[144] ments arrangements to follow at later date and that the first time the Defendant talked with the Plaintiff relative to the repayment of this loan was when he returned from the Merchant Marine in 1945, at the time these bonds were delivered to the Plaintiff by the defendant as part payment.”
The judge ruled that “whether or not the Plaintiff could have cashed these bonds because they were not transferable, is immaterial as far as the Statute of Limitations in this case is concerned, as the Defendant made part payment within the six year period in good faith and the Plaintiff accepted same.”
The judge found for the plaintiff in the sum of $443.75, with interest from August 1945.
The defendant’s requests for rulings were disposed of by the judge, as follows:
1. Upon all the evidence, there is insufficient evidence to warrant a finding for the plaintiff on Count #1 of the Plaintiff’s Declaration. (denied)
2. Upon all the evidence, there is insufficient evidence to warrant a finding for the plaintiff on Count #2 of the Plaintiff’s Declaration. (denied)
3. Upon all the evidence and the law, the Court is not warranted in finding for the plaintiff on Count #1 of the Plaintiff’s Declaration. (denied)
4. Upon all the evidence and the law, the Court is not warranted in finding for the plaintiff on Count #2 of the Plaintiff’s Declaration. (denied)
5. The plaintiff is not entitled to recover on Count #1 for the reason that the plaintiff’s action is barred by the Statute of Limitations. (denied)
6. The plaintiff is not entitled to recover on Count #2 for the reason that the plaintiff’s action is barred by the Statute of Limitations. (denied)
7. United States Savings Bonds are not transferable and cannot be pledged or assigned. (given)
8. United States Savings Bonds cannot be assigned or transferred in payment of a debt. (given)
The defendant claims to be aggrieved by the rulings and refusals to rule as requested, and as set forth above *[145] on his requests for rulings numbered 1, 2, 3, 4, 5, 6, and in allowing requests numbered 7 and 8.
The judge made no ruling as to the effect, if any, of the defendant’s service in the Merchant Marine nor to the interpretation of the words in the receipt — “payments arrangements to follow at a later date.” His finding was based on the ruling that the bonds were given and received as part payment of this loan and whether or not the plaintiff could have cashed them because they were not transferable was immaterial as far as the statute of limitations is concerned.
Unless the giving of the bonds was part payment which removed the bar, this action was barred by the statute of limitations. G. L. (Ter. Ed.) c. 260, § 2. The theory by which part payment removes the bar of the statute of limitations is that the payment is an acknowledgment of the existence of the indebtedness, and raises an implied promise at the time to pay the balance. Credit Service Corp. v. Barker, 308 Mass. 476 at 478 and cases cited.
The payment must be money or its equivalent. “There can be no question that oral agreements are competent to prove that certain payments of money, or that a note, or the transfer of property, or settlement of accounts, or assuming of certain obligations of a pecuniary character actually performed, are, as between the parties, to be taken as payments on account or in reduction of a particular note or other debt within the meaning of the statute.....But we are of the opinion that such oral agreements must conform to, and relate and give color to, some actual transaction, whereby something of value passes between the parties, which in fact reduces the debt, and cannot be extended to give the character of payment, to a mere formal endorsement or receipt, which does not represent the transfer of money, or other thing of value, nor any reduction of the debt, binding and conclusive between the parties. In other words, payment within the meaning of the statute must be actual payment of money or its equivalent, upon the principal or interest of the debt, and that payment as a fact is what operates as a renewal of the promise and not the endorsement which is merely evidence of the fact. If the fact of payment in this sense is not established, there is no payment of account of the debt. It is the act of' payment that *[146] takes the case out of the statute.” Blanchard v. Blanchard, 122 Mass. 558 at 562.
Thomas M. A. Higgins, attorney for plaintiff.
Philip P. Weiss, attorney for defendant.
The judges ruling was error. Regardless of the" intention of the parties, these bonds were of no value to the plaintiff, because the defendant was powerless to effectively transfer, pledge or assign them. Therefore, the giving of them by the defendant to the plaintiff did not constitute a payment of the equivalent of money nor did it have the effect of reducing the debt.
Since the fact of payment, between the date of the loan, August 18, 1941, and the date of the suing out of the plaintiff’s writ, December 28, 1948, was not established, this action is barred by the statute of limitations.
There is no need to review the actions taken on the defendant’s requests for rulings as an order will be entered, finding for the plaintiff vacated; judgment to be entered for the defendant.