[No. 866.]

## LAVEAGA and HAWLEY, Respondents, v. WISE and LEVY, Appellants.

AGREED STATEMENT OF FACTS TAKE THE PLACE OF FINDINGS.—When the statement and recitals in the judgment show that there was no trial of any issue of fact, that no findings of fact were filed, and that the facts were settled by stipulation: *Held*, that the pleadings and stipulation stand in the place of the findings, and authorize the court to consider the question whether or not the judgment is supported by the facts agreed upon.

UNDERTAKING TO PREVENT THE LEVY OF ATTACHMENT—WHEN SURETIES ARE NOT LIABLE.—When sureties, not knowing that a writ of attachment has been levied upon the property of the defendant in an attachment suit, execute an undertaking to prevent the levy of an attachment, and the property that had been previously levied upon is subsequently released from the attachment: *Held*, in an action against the sureties, that their promise was only to prevent a levy of the writ of attachment, and that they could not be held liable for the release of the property after the attachment had been levied.

APPEAL from the District Court of the Fourth Judicial District, Humboldt County.

The facts appear in the opinion.

*Grass & Harding,* for Appellants.

I. The parties settled all the issues of fact upon the pleadings by stipulation. (*Swift* v. *Muygridge,* 8 Cal. 445; *Fox* v. *Fox,* 25 Id. 587; *Taylor* v. *Palmer,* 31 Id. 242; *Burnett* v. *Stearns,* 33 Id. 468; *Virgin* v. *Brubaker,* 4 Nev. 31; *Brown* v. *Tolles,* 7 Cal. 399; *Cooper* v. *Pac. M. Life Ins. Co.* 7 Nev. 116.)

II. The averment in the answer that the plaintiffs had never kept, nor had the defendants broken, the covenants in the undertaking by which they were respectively bound, was a good plea as a substantial denial of the breach assigned. (*Miller* v. *Elliott,* 1 Smith, 267; *Musgrave* v. *Muscatine County,* 1 Iowa, 446.) The conditions of the undertakings have never been complied with by plaintiffs nor broken by appellants. It does not appear that any property was released, or any attachment discharged, or prevented, or waived, on account of, or in consequence of, or in consideration of, the execution or delivery of the undertaking.

*A. W. Fisk,* for Respondents.

The only condition attached to the undertaking given by appellants is as to the rendition of judgment in favor of the plaintiffs against the Jersey Mining and Smelting Company. After the rendering of such judgment, nothing further was necessary to make the appellants liable upon said undertaking. (*Bowers* v. *Beck,* 2 Nev. 151—opinion of Beatty, J.) The bond was given for the benefit of the plaintiff. (29 Cal. 194.) The consideration or condition which supports the principal contract will support that of the sureties. (*McCarty* v. *Beach,* 10 Cal. 461; *Robertson* v. *Findley,* 31 Mo. 384; 7 Wait's Actions and Defense.) If the benefit derived from giving the bond is accepted, it is immaterial whether it was asked for or not. (1 Par: on Cont. 469, note *a,* and 474.)

The giving of the undertaking as security for any judgment that might be rendered in favor of respondents and against the Jersey M. & S. Co. estops the appellant from denying it. (*Kelly* v. *McCormick,* 28 N. Y. 320.) The undertaking as given was a substitute for the property of the defendant. (Drake on Attachment, sec. 339.) The court can only consider the judgment-roll in this case. The findings are not made a part of appellant's statement. (*Ellis* v. *C. P. R. R. Co.,* 5 Nev. 252; *Richards* v. *Howard,* 2 Id. 128; *Corbett* v. *Job et al.,* 5 Id. 201.)

*Wells & Stewart,* also for Respondents.

The undertaking, if not good as a statutory undertaking, is good at common law. (*Canfield* v. *Bates,* 13 Cal. 606; *Curiac* v. *Packard,* 29 Id. 194.)

By the Court, BEATTY, J.:

The statement shows that this case was submitted to the district court upon agreed facts. Plaintiffs had judgment, and the defendants appeal therefrom on the sole ground that it is not supported by the facts as agreed upon.

The respondents present two objections to any consideration of the points relied on by the appellants. It is said: 1. There was no motion for a new trial, and it is now too late to claim that the decision is contrary to the evidence; 2. It cannot be objected that the findings of the district judge fail to support the judgment because the findings are not made part of the statement and consequently are no part of the record before us.

In answer to the first objection it is enough to say that the appellants are not claiming that any fact was found against the evidence. The statement, as well as the recitals in the judgment, shows that there was no trial of any issue of fact; the facts were settled by stipulation in writing between the parties and no evidence was introduced.

As to the second objection, it does not appear that any findings of fact were filed. The recital in the judgment is that the court after deliberation delivered its finding and decision in writing, but this does not necessarily imply that

there were any findings of fact. Certainly none were re-quired, and it cannot be inferred from the judgment nor presumed, in the face of the statement, that any facts were found by the court other than those admitted by the pleadings and embraced in the stipulation of the parties. The pleadings and stipulation therefore stand in the place of findings and contain everything essential to a review of the judgment upon the assignments of error contained in the statement.

Coming to the merits of the case, the facts are as follows: July 5, 1876, Laveaga & Hawley, the plaintiffs in this action, had a suit pending against the Jersey Mining and Smelting Company, and caused an attachment to issue therein. July 7 the company appeared in the action and applied for a discharge of the attachment, which had already been levied on all or nearly all of its property. The defendants in this action, not knowing that the writ had been executed, and for the sole object and purpose of preventing a levy, delivered to the plaintiffs the following undertaking:

"In District Court, Fourth Judicial District, Nevada—*Laveaga & Hawley* v. *The Jersey Mining and Smelting Company.*—Whereas, the above-named plaintiffs have commenced an action in the aforesaid court against the above-named defendant; * * * and, whereas, an attachment has been issued, directed to Richard Nash, * * * whereby he is commanded to attach and safely keep all the property of said defendant within his custody, not exempt from execution, * * * unless the defendant give him security, by the undertaking of at least two sufficient sureties, in an amount sufficient to satisfy said demand, besides costs, in which case to take such undertaking; and, whereas, the said defendant is desirous of giving the undertaking mentioned in said writ.

"Now, therefore, we, the undersigned, residents of the County of Humboldt, State of Nevada, in consideration of the premises and to prevent the levy of said attachment, do hereby jointly and severally undertake, in the sum of two thousand five hundred dollars, gold coin of the United States, and promise to the effect that if the said plaintiffs

shall recover judgment in said action we will pay the said plaintiffs, upon demand, the amount of said judgment, together with costs, not to exceed in all the sum of two thousand five hundred dollars, gold coin of the United States.

"ALEXANDER WISE,

" Dated July 7, 1876.          N. LEVY."

Thereupon the attachment was discharged, and on July 11, four days later, the property that had been attached was released by the sheriff.

Afterward the plaintiffs recovered judgment, no part of which has been paid, although demanded of the defendant, wherefore this suit is brought.

The defendants plead a total failure of consideration. They say, and the fact is admitted, that the sole object of their undertaking was to prevent a levy of the writ, and that they would never have made or signed or executed said undertaking if they had known that the writ had been or would be executed.

If they had contracted in consideration of a discharge of the attachment and a release of the property attached, it would have been no answer to the plaintiffs, after a release of the property, to say that they meant something else. But nothing can be plainer than the terms of the undertaking as to the consideration upon which they agreed to become bound for the debt of another. It recites that the defendant "is desirous of giving the undertaking mentioned in said writ," and it is "in consideration of the premises and to prevent the levy of said attachment," that they promise to pay any judgment that may be recovered by the plaintiffs. That consideration has totally failed. The attachment, it is true, was discharged, and the property was afterward released, but that was not what these sureties bargained for, and it was not a benefit accepted by them. It does not follow that a man who is willing to give a bond to prevent the levy of an attachment will be equally willing to give a bond to obtain the discharge of an attachment. The levy of the writ may make all the difference in the world in the solvency of the attachment debtor; it may break up his business; it may set other creditors in motion, and multiply costs and expenses indefinitely. In this case it is a con-

ceded fact that the defendants would not have executed the undertaking upon which they are sued if they had known that the writ had already been levied. They were not parties to the suit, and there is no presumption that they knew of the order discharging the attachment, or that it was made, if such is the fact, in consequence of their undertaking. The benefit of the order accrued to the smelting company, not to these defendants, and it cannot be said that they accepted it. It was not their undertaking, executed in pursuance of section 126 of the Civil Practice Act, that procured the order; but it was the error of the court, or of the plaintiffs, in making or consenting to the order without requiring an undertaking to be executed in consideration thereof in pursuance of sections 139 and 140. There is nothing in any of the opinions in *Bowers* v. *Beck*, 2 Nev. 139, to sustain the position of the respondents, that the only condition necessary to bind the sureties was the recovery of judgment by the plaintiffs in their suit against the smelting company. In that case there was no question of failure of consideration. The bond had been given to secure the release of property attached, and it had been released, and whatever was said in the opinions must be understood with reference to that fact. The language of the opinion which respondents rely upon to sustain them shows, at its close, that the author understood that the release of the property was just as essential to the liability of the sureties as a recovery of judgment against the defendant. "The only questions are, was the property released, and has a breach of the bond been shown." (2 Nev. 152, *ad fin.*) In a suit on such an undertaking as this the questions are, did the sheriff refrain from executing the writ by a levy, and has a breach of the bond been shown. Both must be affirmatively answered before the plaintiff can recover. In this case the first is answered in the negative, and the judgment of the district court was therefore erroneous.

Judgment reversed.

LEONARD, J., having been of counsel in the court below, did not participate in the foregoing decision.