Nathan et al. vs. Sloan.

---

### NATHAN et al. vs. SLOAN.

1. PRACTICE AT LAW: *Findings of court, when reduced to writing.*
The findings of the court may be reduced to writing after judgment.

2. SAME: *When findings not special.*
The conclusion of facts found, are in the nature of a special verdict; and, when the finding of facts is not special, or such as the law requires, the party desiring it, may have them made so, by motion in the circuit court; and if he fails to make such motion, this court will not reverse.

3. PROMISSORY NOTES: *Indorsers, when joint makers.*
Parties who indorse their names in blank upon an obligation to another, at the time it is executed by the maker, and for the same consideration, are joint makers with him, and not guarantors.

APPEAL from *Jefferson* Circuit Court.
Hon. J. A. WILLIAMS, Circuit Judge.
*T. B. Martin*, for appellants.

HARRISON, J.   This was an action by M. Sloan against
Henry Nathan, J. C. Meyer and Sol. Meyer, Jr., indorsers
upon the following instrument of writing:

"PINE BLUFF, ARK., August 15, 1874.

"Ninety days after date I promise to pay M. Sloan the
sum of seven hundred and fifty dollars—being balance of
purchase money of five-twelfths (5-12) interest in the
steamer 'Ella Hughes;' and it is hereby further provided
that this note is only valid and of force after expiration of
ninety days, when said M. Sloan will make full title to me;
and any claims arising against his five-twelfths interest in
said steamer 'Ella Hughes,' shall be an off-set against this
note.                           JOHN CLACOMB."

The indorsements were in blank, and made at the time
of the execution of the instrument; and it was alleged in
the complaint that the indorsements were a part of the
consideration upon which the sale, mentioned in the instru-
ment, was made.   It was also alleged that the plaintiff,
within the time stipulated, made Clacomb a good title to
the part of the steamer sold him, and delivered the steamer
to him; and that, when the debt fell due, payment was de-
manded of him, and notice of its non-payment given the
defendants.

The defendants, in their answer, denied that the plaintiff
had made Clacomb a good title; and averred that by his
failure to do so, the steamer had been taken from him to
satisfy a claim against her, existing at the time of his pur-
chase, and that the consideration for which they indorsed
the instrument had failed.

The trial was by the court, which found in favor of the
plaintiff.   The defendants moved for a new trial, which
was refused, and judgment was rendered against them for
the debt and damages.

The defendants appealed.

The only grounds for a new trial, assigned in the motion for it, were: that the court did not state, in writing, its conclusions of fact found, and that the finding was against the law and evidence.

After the motion for a new trial was filed, the court, as its conclusions of fact, found the following:

"The court finds the facts as stated in the complaint; and finds for the plaintiff the sum of seven hundred and fifty dollars for his debt, and the further sum of one hundred and thirty-five dollars for interest on the same."

The findings of the court may be reduced to writing after the judgment. *Apperson & Co. v. Stewart, 27 Ark., 619; Insurance Company v. Boon, 5 Otto, 117.*

Its conclusions of fact found, are in the nature of a special verdict. *Obermier & Co. v. Core, Thompson & Co., 25 Ark., 562; Woodruff v. McDonald et al., 33 Ark.*

A special verdict is a special finding of the facts of a case; the design of which is to submit the questions of law arising upon the matters of fact specially found, to the consideration of the court, and must state the facts as proved, and not the evidence of them; and must leave no room for presumption. *Bac. Abr. Verdict, (D); Gantt's Digest, sec. 4678.*

There may be some question whether the finding in this case was a special or a general one; but we have no occasion to consider it, for, if not special, or such as the law requires, the defendants, if they had wished, could have required it to be made such; and this court will not reverse a judgment for an error, which might have been corrected on motion in the court below, unless motion has been made there and overruled. *Sec. 1100, Gantt's Digest.*

There was but one issue in the case, and that was upon

the averment in the complaint that the plaintiff had made title to Clacomb to the shares or part of the steamer sold him; and the only evidence in the case was the plaintiff's deposition. He testified that he had, when he sold the five-twelfths of the boat to Clacomb, a clear title to, and there was no lien on, or claim against the same; and that he made him, through the custom-house at Nashville, within ninety days from the date of the instrument, a good title thereto. The evidence sustained the finding.

The defendants were not guarantors; they became, by their indorsement of the instrument at the time of its execution, and upon the same consideration for which Clacomb executed it, joint makers with him, the same as if they had written their names under his upon the face of it; writing their names upon the back, did not change the nature of their liability; it was not the making of a new contract, but simply becoming sureties in that then being made. *Killian v. Ashley et al., 24 Ark., 511; Nelson v. Dubois, 13 Johns., 175; Moies v. Bird, 11 Mass., 436; Rey et al. v. Simpson, 22 How., 341; Burton & Co. v. Hansfield et al, 10 West Va., 470; 1 Pars. on Con., 244.*

The judgment is affirmed.