SPRINGFIELD FIRE & MARINE INSURANCE COMPANY *v.* HAMBY.

Opinion delivered January 15, 1898.

JUDGMENT ENTRY—FINDINGS OF FACT.—Where a case is tried before the judge without a jury, the special findings of fact upon which the conclusions of law are based are not a necessary part of the judgment entry. (Page 17.)

JUDGMENT—GENERAL AND SPECIAL FINDINGS.—A judgment may be supported by a general finding, though it refers to a special finding of facts not set out in the judgment entry. (Page 18.)

Appeal from Nevada Circuit Court.

Rufus D. Hearn, Judge.

*Morgan & Thompson* and *Scott & Jones*, for appellant.

The court erred in refusing to amend the record entry of the judgment, so as to show the findings of fact on which it was based. If such recital of facts appeared, and the judgment was not supported thereby, it could be corrected on appeal, without motion for new trial or bill of exceptions. 46 Ark. 18; 31 S. W. 140; 26 Ark. 536; 26 Ark. 662; 55 Ark. 334. The court below had the power to make the amendment asked. 40 Ark. 224; 53 Ark. 250; 59 Ark. 54; 134 U. S. 136–143 *et seq.*; Freeman on Judg. §§ 71 and 72; *ib.* §§ 2, 75 76, 77. Anything which is properly a part of the record, if omitted, can be inserted by amendment. 2 Sawyer (U. S. C. C.) 445; 2 Phillips, Evid. 134 (*156); 6 C. & P. 101. Under our code permitting the judge to try issues of fact, such findings take the place of the verdict of the jury, and are entitled to the same place in the record. 95 U. S. 117; 120 U. S. 641; 33 Ark. 97; 25 Ark. 562; 2 Ark. 14; 55 Ark. 354. The mere recital of the judge's special findings in the judgment entry brings such findings into the record without a bill of exceptions. 46 Ark. 18; 31 S. W. 740; 26 Ark. 354; 120 U. S. 20; 95 U. S. 117. The recital of the judge's findings in the record should be true and correct. 139 U. S. 222; When they are special, a general finding should not be recited. That such findings may be made part of the record otherwise than by order of court or bill of exceptions, see: 26 Ark. 536; *ib.* 662; 46 Ark. 18; 95 U. S. 117; 53 Ark. 250; 55 Ark. 354; S. C. 18 S. W. 573. Assignment of a policy as collateral security is such an assignment as renders it void. 67 Pa. St. 373, 375–378; May on Ins. § 380. The violation of the stipulation as to occupancy avoided the policy. 3 N. W. 500; 43 N. J. L. 468; May on Ins. 249e; 9 Lea (Tenn.), 507; 87 Tex. 229; 27 S. W. 122; 50 Conn. 420; 42 Ohio St. 519; 47 N. W. 350; 5 South. 768; 3 N. W. 500; 39 N. W. 87; 19 Ill. App. 70; 51 Tex. 89; 90 Pa. St. 277; 124 Ind. 132; 19 Am. St. 77.

*C. C. Hamby*, for appellees.

The court properly refused to make the agreed statement

of facts a part of the record by a *nunc pro tunc* order.  (1) It is not proper to insert something in the record, by order *nunc pro tunc*, which was never a part of the record, as intended by the court.  Freeman, Judg. § 68; 53 Ark. 250; 51 Ark. 231. (2) Nor is it proper to so insert any thing which is not, as of course, a part of the record proper.  Authorities *supra*. The agreed statement of facts does not fall within this class.  2 Ark. 14; 36 Ark. 491; 59 Ark. 178; 55 Ark. 354; 2 Th. Trials, § 2781; Freeman, Judg., 3d Ed. § 2; 16 Pet. (U. S.) 176; 60 Ark. 250; 21 Ark. 399; 21 Ark. 404.  No special findings were asked, no exceptions saved, and none are before this court.  34 Ark. 524; 59 Ark. 178.  Courts will try to construe insurance policies so as to prevent forfeitures (10 Am. St. Rep. 821; 1 May, Ins. § 174–177), and so as to effectuate the meaning and intention of the parties.  72 N. Y. 117; 103 Mo. 59; 54 Ark. 376.  The pledging of the policy as collateral was not an assignment, within the meaning of the clause in the policy avoiding same for assignment.  53 Am. Rep. 202; 27 Mo. 311; 32 Md. 421.  Nor did the temporary vacancy, pending the moving in of a new tenant, avoid the policy.  The insertion of an agreement that the house shall be occupied by tenants implies that the necessary time shall be allowed to make a change of tenants when desirable.  76 Wis. 269; 59 N. W. 700; 38 Neb. 146; 23 Atl. 718; 59 N. W. 17; 81 N. Y. 184; 29 N. E. 847; 63 Hun, 82; 17 N. Y. Supp. 858; 8 Atl. 424; 40 Am. Rep. 70; 44 N. W. 140–141; 72 Mich. 657; 27 Am. & Eng. Enc. Law, p. 29; 34 S. W. 395; 23 Atl. 718; 59 N. W. 17; 70 Iowa, 477.

RIDDICK, J.  This is an action on a fire insurance policy to recover the value of a dwelling house insured, which had been destroyed by fire.  The case was submitted to the circuit judge upon an agreed statement of facts, and he took the matter under consideration.  He afterwards decided in favor of plaintiffs, and gave judgment against defendant for the sum of $900, and it appealed.  Appellant was not present at the time judgment was rendered, and no exceptions were saved or motion for new trial made before the final adjournment of the term.

Afterwards the appellant filed a motion to amend the judgment entry so as to include the findings of fact made by

the circuit judge, and to make said findings a part of the judgment entry. When this motion was heard at the subsequent term, the circuit court made some corrections in the judgment entry, but refused to incorporate therein the special findings of fact made by him and upon which the judgment was based. The contention here is that it was error for the court to refuse to incorporate his special findings or conclusions of fact in the judgment entry, and whether or not this contention is sound is the question we are asked to determine.

After consideration thereof, we are of the opinion that this contention cannot be sustained. The cases from other courts cited by counsel for appellant, as we understand them, do not hold that the special findings of fact should be included in the judgment entry. Some of the courts hold that such findings, when signed by the judge and filed with the clerk, become a part of the record of the case, and may be considered without a bill of exceptions. *Seibert* v. *Minneapolis & St. L. R. Co.*, 58 Minn. 72; *Nobis* v. *Pollock*, 53 Hun (N. Y.), 441; *Taylor* v. *Keeler*, 51 Conn. 399; *Matthews* v. *Goodrich*, 102 Ind. 557; *Allen* v. *Bank*, 120 U. S. 20.

In the case of *Ins. Co.* v. *Boon*, 95 U. S. 117, cited by counsel for appellant, it was held that the special findings could, in certain cases, be reduced to writing, signed by the judge, and by a *nunc pro tunc* order made part of the record, at a term subsequent to the one at which the judgment was rendered.

We do not understand, from the opinion in this case, nor indeed from any of the cases cited by counsel on this point, that it was decided that the special findings should be incorporated in the judgment, but only that such findings should be signed by the presiding judge, and filed and made a part of the record, and that this might be done at a term subsequent to the judgment. There are many things properly considered and treated as a part of the record which have no place in the judgment entry, and to hold that such findings should be made a part of the record is very different from holding that they should be incorporated in the judgment entry. In this state, judging from the reported cases, the usual method of making such findings a part of the record has been by a bill of excep-

tions, or by inserting them in the judgment entry, and a casual reading of some of these cases might lead to the inference that one or the other of these methods should be adopted. *Bradley* v. *Harkey*, 59 Ark. 178.

There are other cases which hold that an agreed statement of facts or a finding of facts by the court may, when filed, be made a part of the record by an order of the court to that effect sufficiently definite to render its identification beyond question. *Ashley* v. *Stoddard*, 26 Ark. 653; *Boyd* v. *Carroll*, 30 *id*. 527; *Lawson* v. *Hayden*, 13 *id*. 316.

When read in the light of the circumstances upon which they were based, there is no real conflict between these decisions of our own court. Now, if the special findings of fact made in this case had been filed, and then by an order of the court identified and made a part of the record, we could have considered such findings. But they were neither signed nor filed nor identified and made part of the record by an order of the court. It is true that appellants asked that they be incorporated in the judgment entry, but this court has several times held that findings of fact may be reduced to writing after judgment. *Nathan* v. *Sloan*, 34 Ark. 524; *Apperson* v. *Stewart*, 27 *id*. 619. It follows from this ruling, we think, that it is not necessary to incorporate the findings of fact in the judgment entry.

It is said that the court could not make both a special finding of facts and a general finding in favor of plaintiffs, and that, without the special finding of facts, there is nothing to support the judgment in this case. We do not concur in this contention. The general finding [recited] in the judgment is only a statement of the court's conclusion that, upon the law and facts found, the judgment should be in favor of plaintiffs. Our statute expressly provides that in any case in which a jury renders a general verdict they may be required to find specially upon particular questions of fact (Sand. & H. Dig. § 5831); and we see no reason, when a case is tried before the judge without a jury, why he may not, in addition to his special finding of facts, state his general finding or conclusion in favor of either plaintiff or defendant. And such a general finding is sufficient to support the judgment when, as in this case, neither

the evidence nor the special findings of facts are properly brought before us for consideration. A finding of that kind would probably be implied from the judgment, even if not stated therein.

The appellant claims that the court adopted the agreed statement of facts made by the parties in this case as his special findings of fact. We have discussed the questions presented upon the supposition that this contention was correct, but a glance at this statement will show that it is not such a finding as could properly be included in the judgment entry. It is lengthy, and contains a recital of evidential or probative. facts, and is not a statement of the ultimate facts contemplated by the statute. When findings of facts are brief, it may not be inconvenient or improper to include them in the judgment entry; but they were not so in this case, and we think the circuit court properly refused to have them inserted therein. If we should concede that the reasons upon which the circuit judge based this refusal were not sound, it would be a matter of no importance, for his conclusion was, we think, correct. As the circuit court was not asked to make his findings a part of the record in any other way than by inserting them in the judgment entry, we must hold that his refusal to do so was not error. There being nothing before us to show error in the judgment of the circuit court, the same is affirmed.

BUNN, C. J., (dissenting). This case goes off on a question of practice, and I dissent from the opinion of the court on that question.

The language of our Code of Civil Practice (section 5837, Sand. & H. Dig.) is as follows, to-wit: "Upon trials of questions of fact by the court, he shall state in writing the conclusions of fact found, separately from the conclusions of law."

It must be confessed that, were it not for the interpretation of this language given in a long and unbroken line of decisions, the same would appear to be very ambiguous. But these adjudications establish the fact that a statement of the conclusions of fact, as here used, means the same as is commonly known as a special finding of fact, in contradistinction to a general finding of fact, and this idea is emphasized by the expression, "separately from the conclusions of law." A concise state-

ment of the principle, with numerous references and explanatory notes, is to be found in the Encyclopedia of Pleading and Practice, vol. 8, pp. 932 *et seq.*, under the heading "Findings of Court." In order that it may be understood what are the special findings of fact, and how full they are required to be in the court's essential statement of the same, it may be well to say what the courts therein referred to say on the subject, namely: "A special finding is. a statement of the ultimate facts on which the law must determine the rights of the parties." Anderson's Law Dictionary. In *Norris* v. *Jackson*, 9 Wall. 127, Mr. Justice Miller in delivering the opinion of the court, said: "This special finding has often been considered and described by this court. It is not a mere report of the evidence, but a statement of the ultimate facts on which the law of the case must determine the rights of the parties; a finding of the propositions of fact which the evidence establishes, and not the evidence on which those ultimate facts are supposed to rest."

This finding of fact by the court is considered in somewhat the same light as is the special verdict of the jury, and the question there is whether the facts thus found require a verdict for the plaintiff or defendant. That is to say, the statement should be full enough that the court can determine the sufficiency of the facts therein stated to sustain the verdict rendered for the plaintiff or defendant, as the case may be. The same rule is applicable to findings of fact by the court, when trying a case as a jury, so that the appellate or reviewing court can determine from the court's statement of facts whether or not its judgment thereon is sustained by the facts.

Having thus arrived at the true technical meaning of the language of our code on the subject, our next inquiry is, whether this statement of facts is mandatory upon the trial court, or is to be made only when requested by one or both of the parties, or may be made or not at the pleasure of the trial court? In Kentucky and other states where the code provision is different from ours, the court is required to make the statement of facts only when requested to do so by one or both of the parties, but it is useful to us to hear what the court of appeals of that state has to say in construing their own code provi-

sion. In *Owensboro* v. *Wier*, 95 Ky. 158, the court said: "But, say the appellees with earnestness, there was no statement by the court of its conclusions of fact found, separately from its conclusions of law." Section 332 of the civil code provides that 'upon trials of questions of fact by the court, it shall not be necessary for the court to state its findings, except generally, for plaintiff or defendant, unless one of the parties request it, with a view of excepting to the decision of the court upon the questions of law involved in the trial; in which case the court shall state in writing the conclusions of fact found, separately from the conclusions of law.'" The difference between the Kentucky code and our code on the subject is, in Kentucky the court must make the statement of its findings only when asked to do so by one of the parties, while with us there is no such conditional requirement, but the language of our court imports the same absolutely as does the language of the Kentucky code, after the court has been requested by one of the parties to make the statement of facts; and, upon this request being made, the requirement becomes mandatory upon the court (*Briggs* v. *Eggan*, 17 Kas. 590; *Major* v. *Major*, 2 Kas. 337; *Ulrich* v. *Ulrich*, 8 Kas. 402; *St. Louis, etc. Ry. Co.* v. *Piper*, 13 Kas. 505; *Gest* v. *Kenner*, 7 Ohio St. 75; *Cleveland, etc. Ry.* v. *Johnson*, 10 Ohio St. 591; *Thompson* v. *Russell*, 1 Oklahoma, 227); and a judgment will be reversed for a refusal to grant such right (*Evans* v. *Kappes*, 10 Iowa, 586; *Stansell* v. *Corning*, 21 Mich. 242; *Ogden* v. *Glidden*, 9 Wis. 46). The rule in Kentucky is also the rule in Indiana, Iowa, Kansas, Michigan, Tennessee and Wisconsin, and perhaps some other states.

In states with code provision like ours, a failure of the court to make a separate statement in the findings is regarded as reversible error. *Emeric* v. *Alvarado*, 64 Cal. 603; *Burger* v. *Baker*, 4 Abb. Practice Reports, 11; *Harris* v. *Hay*, 111 Penn. St. 564.

In some cases special findings are said to be unnecessary, and among these instances is named that of a trial upon an agreed statement of facts; but in this last instance the broad statement is misleading, for, as is said in *Laveaga* v. *Wise*, 13 Nev. 296: "When the statement and recitals in the judgment

show that there was no trial of any issue of fact, that no findings of fact were filed, and that the facts were settled by stipulation, the pleadings and stipulation are held to stand in the place of the findings, and authorize the court to consider the question whether or not the judgment is supported by the facts agreed upon.'' So, it seems that an agreed statement of facts by the parties does not excuse the court from the duty of stating his findings, but only relieves him of the burden of making another statement of facts than that made by the parties, which he is, in such cases, required to use in the place of his own statement, if he does not choose to make a statement for himself. In South Carolina this requirement of a statement of facts is not mandatory, but that is the only state in which it is not, in one way or another.

The constitution of this state of 1868 made it expressly mandatory upon the judges trying cases, but that provision was left out (not repealed) by the adoption of the constitution of 1874. But the code provision on the subject, made to conform to the provision of the constitution of 1868, is still retained.

It is evident, I think, from the authorities, and they are too numerous to even cite, that the statement of facts is mandatory upon the judges trying cases, sitting as juries. But this does not mean that the party aggrieved by the decision may not take his bill of exceptions, including a fuller statement of the evidence than is given by the court in its statement of the facts, and appeal; nor does it mean that the aggrieved party is precluded from taking his bill of exceptions, where the court makes no findings at all. But all that is meant to be said, and all that is necessary to be said here, is that it is the mandate of the law that the trial judge should have made and filed as part of the record his special findings of fact, and, neglecting to do this, he should have remedied the error by a favorable response to the petition for the *nunc pro tunc* order, for that is just what the court said he could and should do in the case of *Nathan* v. *Sloan*, 34 Ark. 524. And in case he would not or could not do this, where applicant is at no fault, as in this case, I think the judgment should be reversed and set aside, as having nothing upon which a judgment could be based; following the rule laid down in Pennsyl-

vania. *Harris* v. *Hay, supra; Sweigard* v. *Wilson,* 106 Penn. 213; *Commonwealth* v. *Equitable Beneficial Association,* 137 Pa. St. 412.

The Code of Pleading and Practice had for its principal object a simplifying of the system of judicial procedure, and one of these reforms, in my opinion, consisted in narrowing down as much as possible the uses and necessity of bills of exceptions; and to accomplish that end it becomes necessary to make as many things matters of record primarily as possible. In trials before juries, bills of exception, in the very nature of things, are essential to bring up the evidence and make it a part of the record, and to make part of the record in each case many things that would incumber the record proper; but it is a troublesome, cumbersome and unsatisfactory method at best, and a due consideration for the provisions of the code, and a more generous construction and application, I am sure, would greatly simplify things, and be more satisfactory.

I am aware that this court has said that the only way to bring an agreed statement of facts before this court is by bill of exceptions. That is true, if the trial court does not adopt it as its own finding of fact, but it should do the latter or make a finding of its own.