## BUELL *v.* WILLIAMS.

## Opinion delivered January 22, 1917.

1. APPEAL AND ERROR—DUTY OF APPELLANT TO REQUEST A RULING IN THE COURT BELOW.—This court will not reverse a judgment for an error which might have been corrected on motion in the court below, unless a motion has been made there and overruled.

2. APPEAL AND ERROR—TRIAL BEFORE COURT—FAILURE TO MAKE WRITTEN FINDING OF FACT.—Where a cause is tried before the circuit judge, it is the duty of the appellant, if he wishes to save the point, to request the court to make a written finding of fact, and to object to his failure to do so.

Appeal from Sebastian Circuit Court, Fort Smith. District; *Paul Little,* Judge; affirmed.

*H. C. Mechem,* for appellant.

1. The judgment should be reversed, because the court failed to file written findings of fact and conclusions of law, as *imperatively* required by law, but refused to do so when its attention was called to the omission. 34 Ark. 524; 42 *Id.* 41; Kirby's Digest, § 6213; 24 Pac. 1055; 17 Mo. 550; 57 Atl. 837; 20 App. Div. (N. Y.) 304; 19 Pac. 123; 51 N. W. 867; 20 La. Ann. 27; 29 Pac. 1005; 31 *Id.* 766; 51 Cal. 276; 71 *Id.* 380; 46 S. W. 448; 59 Ark. 178; 23 Mich. 337. Courts cannot deliberately disobey the law. 95 U. S. 397; 102 *Id.* 641. "*Shall*" is imperative and mandatory. *Ita lex Scripta est.*

*G. C. & Joe Hardin*, for appellee.

1.    Conclusions of fact and law may both be included in the judgment entry.    59 Ark. 178; 46 *Id.* 17.    Here the court made its conclusions of fact in writing in general which is sufficient.    65 Ark. 18. The case of *Nathan* v. *Sloan*, 34 Ark. 524, is conclusive. 27 Ark. 619; *Ib.* 624; 28 *Id.* 75; 30 *Id.* 356; 33 *Id.* 645, 650.    No request was made of the court by appellant at the trial or afterwards to comply with the statute. 33 Ark. 645.

2.    The evidence taken appears of record in the bill of exceptions; its province is to bring into the record the facts proven and declarations of law made by the court.    36 Ark. 495; 46 *Id.* 17; 86 *Id.* 73; 38 *Id.* 586; 65 *Id.* 17.

A judgment *shall not* be reversed for an error which can be corrected on motion below made and overruled. *This* is imperative.    Kirby's Digest, § 1233.    A request should have been made.    28 Ark. 410; 33 *Id.* 180; 68 *Id.* 71; 93 *Id.* 290; 95 U. S. 397; 99 Ark. 436; 33 *Id.* 218.

McCULLOCH, C. J.  Appellant instituted this action before a justice of the peace to recover on a note in the sum of $50.00 executed by appellee, and after judgment there the case was appealed to the circuit court where it was tried *de novo*.    Appellant failed to appear at the trial in the circuit court, and the case was, in his absence, tried before the court sitting as a jury.    The court found in favor of the defendant and entered judgment accordingly.    The findings of the court, as recited in the judgment, were as follows: "That the defendant is not indebted to the plaintiff in any sum whatever, and that the plaintiff's demand against the defendant should be denied."    Appellant appeared later during the term and filed a motion for a new trial, assigning as grounds therefor, "first, that the judgment of the court is contrary to the law; second, the judgment is not sustained by the facts; third, the court did not make and file written findings of facts."

Appellant's motion was overruled and he appeals to this court.

There was no request made by appellant to the court for special findings of fact. The only contention here, as grounds for reversal, is that the court erred in failing to make findings of fact in accordance with the statute, which provides that "upon trials of questions of fact by the court, it shall state in writing the conclusions of fact found separately from the conclusions of law".

The case is ruled by the decision of this court in *Nathan* v. *Sloan*, 34 Ark. 524, where the record was similar to the record now before us, and the court said: "There may be some question whether the finding in this case was a special or a general one; but we have no occasion to consider it, for, if not special, or such as the law requires, the defendants, if they had wished, could have required it to be made such; and this court will not reverse a judgment for an error which might have been corrected on motion in the court below, unless motion has been made there and overruled."

In that case, as in this, there was a motion for a new trial assigning as error the failure of the court to state in writing its conclusion of fact. It has never been decided by this court whether or not it constitutes error for the trial court to refuse to make findings of fact after the conclusion of the trial and entry of the judgment, where the complaining party has absented himself from the trial, or, being present, has failed to make a request for such finding, and we do not deem it necessary to enter upon a discussion of that question now. This court has held that the findings of fact may be reduced to writing after the trial (*Apperson* v. *Stewart*, 27 Ark. 619; *Nathan* v. *Sloan, supra*), but it has not held that the court is required to do so. The motion for a new trial was an assignment of the error alleged to have been committed, and was not a request that the findings of the court be then reduced to writing and filed.

Affirmed.