LOUISIANA PETROLEUM CORPORATION *v.* OIL WELL SUPPLY COMPANY.

Opinion delivered December 13, 1926.

1. ESTOPPEL—REPRESENTATION AS TO TITLE.—Though the seller of a drilling rig, having no lien, represented to another contemplating extension of credit to the purchaser that the latter owned the rig, the seller will not be estopped to claim title under a subsequent repurchase.

2. ESTOPPEL—REPRESENTATION.—The fact that the purchaser of a drilling rig owed the entire purchase money does not imply that the seller's representation that the purchaser owned the rig was false, where no lien or title was reserved for the purchase money.

3. EVIDENCE—WEIGHT OF TESTIMONY.—Courts and juries need not accept the statements of witnesses, but may weigh the testimony and test the credibility in the light of all the facts and circumstances in the particular case.

4. APPEAL AND ERROR—REMAND FOR NEW TRIAL.—Where the evidence raised a disputed question as to the ownership of property attached, and the trial court upheld the attachment upon an untenable ground, the cause will be remanded for a finding on the question of ownership.

Appeal from Union Circuit Court, Second Division; *W. A. Speer,* Judge; reversed.

*Patterson & Rector,* for appellant.

*Mahony, Yocum & Saye,* for appellee.

HUMPHREYS, J.  This suit was instituted by appellee against W. E. Hall and H. P. Gann, who composed the partnership of Hall & Gann, in the second division of the circuit court of Union County, for a balance of $7,257.90 due it upon open account; and they sued out an attachment upon the ground of the nonresidence of W. E. Hall, which was directed by the clerk of said county

to the sheriff of Clark County, and levied upon a rotary drilling rig and equipment complete, as property belonging to the said partnership of Hall & Gann.

The appellant and Dr. E. A. Sarter filed an interplea in the attachment proceeding, claiming title to said drilling rig and equipment. Dr. E. A. Sarter claimed an undivided one-sixth and appellant an undivided five-sixths interest in the property levied upon, and they executed a retaining bond in the sum of $5,000 in statutory form, conditioned for the return of the property to the sheriff in the event it should be found to be the property of Hall & Gann.

W. E. Hall filed an answer, denying the indebtedness and all other material allegations in the complaint.

Appellee filed an answer to the interplea, denying that Dr. E. A. Sarter and appellant owned the property and that same was wrongfully levied upon and seized as the property of Hall & Gann, and prayed for a dismissal of the interplea, and for general relief.

When the case was called for trial a judgment was rendered by default against H. P. Gann for $7,257.90, and against W. E. Hall for the same amount, by consent. No appeal has been prosecuted to this court from said judgments. The issue of the ownership of the property levied upon was then submitted to the trial judge, sitting as a jury, which resulted in the finding that appellant was estopped from claiming any interest in the drilling rig and equipment as against appellee, as a creditor of the partnership of Hall & Gann. A decree was rendered, in accordance with this finding, dismissing the interplea and sustaining the attachment as to an undivided five-sixths interest in said rig and equipment, and ordering it sold as the property of Hall & Gann. A decree was rendered, in accordance with this finding, dismissing the interplea and sustaining the attachment as to an undivided five-sixths interest in said rig and equipment, and ordering it sold as the property of Hall & Gann to satisfy the judgment rendered upon the open account, from which is this appeal.

Appellant contends for a reversal of the judgment upon the issue of ownership for the alleged reasons:

First, that it did not estop itself from claiming an undivided five-sixths interest in the drilling rig and equipment by representation of its president and manager that said property was owned by Hall & Gann.

Second, that the undisputed testimony shows that said property belonged to it at the time same was seized under the attachment.

(1). As we understand the record in this case, the finding of fact was made and the judgment was rendered by the court upon the theory that appellant estopped itself to claim an undivided five-sixths interest in said property through the representation made by W. E. Hall, its president and manager, to appellee, that Hall & Gann owned the rig and equipment, as a basis for obtaining a line of credit for said partnership. The undisputed evidence does show that W. E. Hall made such representation to appellee, but this representation cannot be construed into an agreement not to afterwards sell the rig and equipment. The fact, if true, that Hall & Gann had purchased the rig and equipment from appellant on credit, and owed the entire purchase money for same, did not necessarily imply that the representation was false, for it seems that no lien was retained for the purchase money, and that, at the time the representation was made, Hall & Gann actually owned the rig and equipment, free from incumbrances. Under this interpretation of the testimony, it cannot be said that appellant estopped itself from claiming title to the rig and equipment by subsequent purchase, if such purchase was in fact made, on account of representations made by its president and manager, W. E. Hall, to appellee in order to obtain a line of credit for said partnership.

(2). We cannot agree with learned counsel for appellant that the undisputed testimony in the record reflects that the resale of the rig and equipment to it by Hall & Gann was a complete sale, or a *bona fide* sale. Courts and juries are not compelled to blindly accept the

statements of witnesses. In arriving at conclusions they are allowed to weigh the testimony and test the credibility of witnesses, under well defined rules, in the light of all the facts and circumstances in a particular case. Although W. E. Hall testified positively that appellant sold the rig and equipment to Hall & Gann, and that Hall & Gann, being unable to pay for same, turned it back to appellant for the purchase money, yet there are circumstances in the case tending to show that appellant never owned the rig at any time; that, when the rig was first purchased from the Latex Iron Works of Arkansas, a note for $5,000, payable to W. E. Hall, and Hall's individual notes for $1,000, were given as payment for the rig; that the series of transactions whereby the Louisiana Petroleum Corporation attempts to trace its claim of title to the rig and equipment were individual transactions of W. E. Hall and not transactions for the several corporations in which he owned a majority of the stock, and which he controlled and dominated. In view of the fact that the testimony in the record presents a disputed question of fact as to the ownership of the property, and in view of the further fact that the trial court, sitting as a jury, did not determine this issue, but bottomed the judgment on the question of estoppel, the judgment must be reversed, and the cause remanded for a finding as to whether there was a complete resale of the property to appellant by Hall & Gann, and, if so, whether it was a *bona fide* sale.

The judgment is accordingly reversed, and the cause is remanded for a new trial.