## WANN v. THE READING COMPANY.

4-4722

Opinion delivered October 4, 1937.

*Quillin & Quillin,* for appellant.
*Minor Pipkin,* for appellee.

BAKER, J. The Reading Company, a corporation, a common carrier, sued H. Wann, doing business as H. Wann Heading Company, for freights accruing upon some shipments of timber products which originated at Ozark, Arkansas, and which timber products were consigned to the Reading Cooperage Company at Reading, Pennsylvania. In this suit, a judgment was rendered for the Reading Company as the terminal carrier.

It makes no difference upon this appeal concerning the merits of that controversy. The appellant filed his motion for a new trial in that proceeding and ordered his bill of exceptions, which, under order of the court, was to be filed within ninety days. The bill of exceptions when completed, but before approval by the trial judge, was filed with the clerk of the court. The clerk proceeded to prepare a transcript, and at the end of the

ninety-day period, within which the bill of exceptions should have been filed, the transcript was delivered to counsel for the appellant. Counsel then discovered that the bill of exceptions had not been approved and signed by the judge of the court. It appears that they asked opposing counsel to approve the bill of exceptions. The trial judge did not live in Polk county. The bill of exceptions was never presented to him so far as the record discloses for his examination and approval. On account of these facts the appeal could not be perfected. The appellant, however, at once filed a motion attacking the entry of the judgment in the case as having been made on the 18th day of January, 1937. This motion set up the fact that the judgment entered by the clerk was not the judgment rendered by the court; that it did not embody the findings of fact and declarations of law of the trial judge who, upon motion of both parties plaintiff and defendant for a directed verdict, had withdrawn the submission of the case from the jury and decided it.

In this motion, it was urged that the judgment should contain all the findings of fact, the declarations of law, as announced by the court, and it also urged that the precedent for the judgment was not signed by the trial judge or approved by counsel, and it was declared that it was not written by the clerk or prepared by him. After the ninety days had expired, within which the bill of exceptions should be approved and signed, a motion was then filed praying for an extension of time within which the bill of exceptions might be approved, signed and filed. This motion contained an allegation that the judgment was rendered on the 22d day of October, 1936; that as entered it purported to have been rendered on the 21st day of October and that this difference of one day, or alleged wrongful dating, caused the expiration of the time within which the bill of exceptions might have been filed to expire prematurely by one day with a resulting loss of the appeal. Demurrers were interposed to both of these motions filed by the appellant. The demurrers were sustained, and, appellant refusing to plead further, his motions were dismissed, to which action of the court in dismissing these motions proper appeals are pre-

sented. Appellant urges with great fervor that the demurrers admitted the truth of the motions and that the court erred in dismissing them. The action of the trial court in that regard is the sole matter for consideration upon appeal.

Without further elaboration, let it be said that we agree with learned counsel that the facts well pleaded are admitted by the demurrers. Still this does not necessarily show that there was error, nor does it necessarily follow that the motions should have been granted. H. Wann, doing business as H. Wann Heading Company, and his counsel only, were interested in the matter of appealing from the judgment rendered below. The court or trial judge, after having overruled the motion for new trial and having fixed the period within which the bill of exceptions might be filed, had no other duty to perform in regard to the appeal until the bill of exceptions was presented to him for approval and signature. We think the law contemplates that, when the bill of exceptions is presented to the trial judge within the period he fixes therefor, he should have time to make examination of it. If he delays approval and signature, a different situation is presented from the one we have under consideration. This delay by the judge may warrant a corresponding delay in filing. *Springfield* v. *Fulk,* 96 Ark. 316, 131 S. W. 694.

Here, the trial judge was at fault in no manner whatever. He never had the opportunity of approving any bill of exceptions in this case.

It is true, the bill of exceptions may be approved by stipulation of counsel, but we know of no rule or established procedure requiring counsel to agree. Perhaps counsel should be wary about agreeing unless sufficient time is had within which the bill of exceptions may be examined before it is irrevocably approved. Section 1323, Crawford & Moses' Digest.

It is, also, apparent that prior to the time of the expiration of the ninety-day period no motion was filed with the trial judge asking for an extension of time. This motion was not filed until after the time had actually expired and the right of appeal had been lost.

If no demurrers had been filed, if no response had been made to appellant's motions, the court in the exercise of inherent discretion might well have denied both motions without doing any violence to appellant's rights.

We think it must be conceded by all persons that litigants are entitled to appeals as a matter of right only when they have, in due and proper time, proceeded according to law. They may waive substantial rights by neglect or delay.

We cannot agree with counsel that it was necessary to incorporate the court's findings of facts or declarations of law into the judgment. In fact and in practice, it is not often done. These findings and declarations are otherwise preserved.

This court, many years ago, held contrary to appellant's contentions in that respect. *Springfield Fire and Marine Insurance Co.* v. *Hamby,* 65 Ark. 14, 45 S. W. 472.

If that decision has been impaired by any later announcement, our attention has not been directed to it.

We do not know who prepared the precedent for the judgment found in the files of the case and entered, according to counsel's contention, about January 18. This precedent or draft may not be treated as a judgment.

Section 6233, Crawford & Moses' Digest, provides: "A judgment is the final determination of the rights of the parties in the action."

The evidence of that judgment is now the record of that draft or precedent. No real or substantial matter has been suggested as a reason impairing the judgment.

Affirmed.