BOATNER v. GATES BROTHERS LUMBER COMPANY.

5-530                                    275 S. W. 2d 627

Opinion delivered January 24, 1955

*Norton & Norton,* for appellant.

*Harold Sharpe,* for appellee.

GEORGE ROSE SMITH, J. This action, according to the appellee's amended complaint, is one to recover $3,014.33 upon an account stated. The appellant denies the existence of an account stated and relies upon the three-year statute of limitations as a defense to two items totaling $2,449.60. The circuit court, upon motions by both sides for a directed verdict, withdrew the case from the jury and held the statute of limitations to be inapplicable for the reason that the proof established an account stated. Judgment was therefore entered for the lumber company in the amount sued for. In this court Boatner contends that his plea of limitations should be upheld as a matter of law. This contention involves three separate questions, one relating to the account stated and the other two to part payments.

I. On the issue of account stated the evidence is to this effect: Boatner is a contractor and for several years has purchased building materials from the appellee, on credit. It has been the lumber company's bookkeeping practice to devote a separate ledger page to each job for which Boatner has bought material. Boatner's indebtedness for each job becomes due and payable thirty days after the completion of the work. The amount now sued for represents the total due upon some fourteen separate jobs. Two of these job accounts, amounting to $2,449.60, had been due for more than three years when Boatner allegedly agreed to the account stated.

At the end of each month the lumber company prepares a consolidated statement on which Boatner's various jobs are listed, with the amount owed upon each. On July 29, 1953, which was two weeks before this suit was brought, the appellee's president presented such a monthly statement to Boatner and went over it with him, item by item. Boatner admitted the correctness of the account and promised payment. This proof discloses a typical example of an account stated and amply supports the trial court's finding that such an account existed. *Ark. Fertilizer Co. v. Banks,* 95 Ark. 86, 128 S. W. 566.

Nevertheless, the existence of a stated account does not automatically eliminate the issue of limitations. At common law an account stated was held to create an independent cause of action, upon which the statute of limitations ran anew. But where, as here, the debtor's manifestation of assent to the account is merely oral, the common law rule has been modified by provisions such as this one in our limitation statutes: "No verbal promise or acknowledgment shall be deemed sufficient evidence in any action founded on a simple contract, whereby to take any case out of the operation of this act, or to deprive the party of the benefits thereof." Ark. Stats. 1947, § 37-216. Inasmuch as the debtor's part in the creation of an account stated amounts in legal effect to nothing more than an acknowledgment that the computation is correct, the statute would be pretty well nulli-

fied by a holding that an oral statement of the account is effective as to items already barred. It is therefore the uniform rule in jurisdictions having statutes like ours that, although a parol account stated interrupts the running of the statute as to items not yet barred, it is wholly ineffective as to items already barred by limitations. *Auzerais* v. *Naglee,* 74 Calif. 68, 15 P. 371; *O'Hanlon Co.* v. *Jess,* 58 Mont. 415, 193 P. 65, 14 A.L.R. 237; *Delabarre* v. *McAlpin,* 101 App. Div. 468, 92 N.Y.S. 129; Rest., Contracts, § 422; Williston on Contracts, § 1863.

Here the two items in controversy were more than three years overdue when Boatner orally agreed to the correctness of the account. It is familiar law that the statute of limitations runs separately from the due date of each item in an open account like this one. *McNeil* v. *Garland,* 27 Ark. 343; *Parker* v. *Carter,* 91 Ark. 162, 120 S. W. 836, 134 Am. St. Rep. 60. Hence the account stated did not include these items, and the trial court was in error in holding that the mere showing of an account stated deprived Boatner of the defense of limitations.

II. The appellee insists that the judgment should nevertheless be affirmed on the ground that part payments by Boatner took the case out of the statute. With respect to one of the payments the evidence is undisputed, presenting only a question of law. On August 7, 1953, which was in the interval between the stating of the account and the filing of this action, Boatner went to the appellee's office and paid in full the balance of $1.53 that was due on one of the jobs, referred to as the Rice job. It was Boatner's intention to pay this particular item, and the payment was so accepted by the appellee and so entered upon its books.

Upon no theory could this payment revive the two items already barred. A general payment upon an open account operates as a part payment upon the entire debt. *McConnell* v. *Ark. Coffin Co.,* 172 Ark. 87, 287 S. W. 1007. But, conversely, a part payment directed specifically to one item only has no legal effect upon the rest of

the account. *Clark* v. *Diefendorf*, 109 Conn. 507, 147 A. 33; *Slagle & Co.* v. *Bushnell*, 70 S.D. 250, 16 N.W. 2d 914, 156 A.L.R. 1070. Nor does the existence of an account stated affect the situation. As we have seen, the oral statement of the account could not encompass items already barred by the statute. Hence if the part payment be treated as an implied recognition of the new cause of action created by the account stated, it still does not reach those outlawed claims that were not legally a part of that account.

III. The evidence concerning the other part payment raised a question of fact that has not yet been decided by the trial court. It was the lumber company's practice to allow Boatner a commission upon the sale of materials to new customers whom Boatner induced to trade with the company. In March of 1953 the company credited Boatner with such a commission, in the amount of $9.82, and on its books entered half this amount as a payment upon each of the two job accounts now in dispute. Whether Boatner knew of and approved these credits, in circumstances amounting to such a recognition of the debts as would interrupt the running of the statute, is an issue of fact upon which the evidence is not undisputed. In this situation it is our practice to remand the case for a new trial. *Louisiana Petroleum Corp.* v. *Oil Well Supply Co.,* 172 Ark. 386, 289 S. W. 1; *Hot Springs Sch. Dist. No. 6* v. *Surface Combustion Corp.,* 222 Ark. 591, 261 S. W. 2d 769.

Reversed and remanded.

McFADDIN AND MILLWEE, JJ., dissent.

ED. F. McFADDIN, Justice, dissenting. My dissent relates to a matter of trial procedure: I think the case should be affirmed in its entirety because there is evidence in the record to support the result reached by the Trial Court, and the judgment was on general issues instead of special findings.

At the conclusion of the evidence, each side requested an instructed verdict, and the Court told the Jury:

"Gentlemen of the Jury: Simultaneous motions were made in this case by the attorneys for the plaintiff and the defendant for an instructed verdict in this case on the same grounds, and the Court is taking that as an agreement by both parties that the case is taken from the Jury and decided by the Court; and you are dismissed from this case and the Court will enter judgment."

Thereupon the Court entered judgment against appellant for $3,123.33 and interest; and from that judgment there is this appeal. The rule in Arkansas is well settled that where each party requests a preemptory instruction and requests no other instructions, then both parties thereby, in effect, agree that the issue shall be decided by the Court; and the Court's finding then has the same effect as a verdict of a Jury. See *Dunnington* v. *Frick,* 60 Ark. 250, 30 S. W. 212; and the scores of cases on this well-known rule of practice collected and cited in West's Arkansas Digest, "Trial," § 177. Thus, I think the action of the Trial Court in discharging the Jury and deciding the case should be affirmed, because there is evidence from which the Court or Jury could have reached a verdict for the plaintiff.

There were no requests for special findings, and the Court's finding has the force and effect of a general Jury verdict. See *Nathan* v. *Sloan,* 34 Ark. 524. In *Springfield Fire & Marine Ins. Co.* v. *Hamby,* 65 Ark. 14, 45 S. W. 472, we held that where a case is tried before a Judge without a Jury, special findings of fact are not a necessary part of the judgment entry, and that a judgment may be supported by a general finding though it refers to special findings not set out in the judgment entry. In *Buell* v. *Williams,* 127 Ark. 58, 191 S. W. 940, we held that where a case is tried before the Circuit Judge sitting as a Jury, it was the duty of the appellant to request a special finding of fact if he wanted it.

In the case at bar, there was no request by any one for a special finding, and the only language in the record that is seized upon by appellant, and used by the major-

ity for reversal, is a remark that the Court made to the lawyers just before excusing the Jury. Here is the remark:

"The Court is treating the simultaneous motions as an agreement on the part of counsel, for the Court to take the case from the Jury and decide it himself.

"Accordingly, the Court is treating it as a waiver of the Jury and is deciding the case himself and entering judgment for the plaintiff in the amount sued for on the basis that the testimony as to the bookkeeping system and the carrying of one account with several sheets is uncontradicted, and the testimony with reference to the account stated is uncontradicted and, therefore, the Court is of the opinion that the Statute of Limitations would not apply."

I insist that this remark made to the attorneys is not such a special finding as would justify this Court to reverse a general finding. Therefore, I think the case should be affirmed, because there is sufficient evidence in the record to support the judgment, which is a general judgment in favor of the plaintiff.