GEORGE A. WHIPPLE & another *vs.* WILLIAM BLACKINGTON.

The holder of a promissory note delivered it to his creditor as collateral security for a mutual and open account current, with the understanding that any sum collected on it should be applied to the account; and afterwards, as agent of the creditor, collected and paid to him a dividend on the note from the estate of the maker in insolvency, which payment, on the day thereof, the creditor applied to the account. *Held,* that the statute of limitations (Rev. Sts. *c.* 120, § 5; Gen. Sts. *c.* 155, § 5) did not begin to run on the account until after that day.

CONTRACT for the balance of an account annexed. Writ dated February 26, 1867. The account contained numerous items of debit and credit, all more than six years before the date of the writ, except the last, which was of credit of twenty-six dollars and fourteen cents cash, on March 8, 1861. Answer, the statute of limitations.

At the trial in the superior court, *Morton,* J., ruled that the plaintiffs' claim was not taken out of the statute by the evidence concerning this item, which is stated in the opinion. A verdict was found for the defendant; and the plaintiffs alleged exceptions.

*J. Daggett,* for the plaintiffs.

*C. A. Reed,* for the defendant, cited *Gowan* v. *Foster,* 3 B. & Ad. 507, and *Walker* v. *Butler,* 6 El. & Bl. 506.

HOAR, J. Whatever may be the law in England, we are satisfied that by the law as settled in this Commonwealth the evidence offered by the plaintiffs was sufficient to take the case out of the statute of limitations.

The action was to recover the balance of a mutual account, and the statute begins to run against it at the date of the last item proved on either side.* Gen. Sts. *c.* 155, § 5. Rev. Sts. *c* 120, § 5. *Penniman* v. *Rotch,* 3 Met. 216. There is not any similar English statute that we are aware of; and the English cases

---

* The Rev. Sts. *c.* 120, § 5, provide that " in all actions of debt or assumpsit," and the Gen. Sts. *c.* 155, § 5, that " in actions of contract " " brought to recover the balance due upon a mutual and open account current, the cause of action shall be deemed to have accrued at the time of the last item proved in the account."

cited for the defendant are for the most part merely upon the effect of a payment to avoid the limitation. The question, then, is reduced to this, at what time should the last item in the account be credited? The evidence tended to show that more than six years before the date of the writ the defendant delivered to the plaintiffs, as collateral security for the account in suit, the promissory note of Sampson, Baldwin & Co., payable to and indorsed by William Blackington & Co., for one hundred and eighty-one dollars and forty-five cents, which had been protested, saying that it was not good for its face, but something would be paid on it at some future time; that no receipt or credit was given for the note, but it was taken as collateral security only, with the understanding that when anything was received on it, it was to be applied and credited to the account; that the plaintiffs kept it till about March 7, 1861, when the defendant informed them that a dividend was due upon the note from the estate of the makers in insolvency; that the plaintiffs handed the note to the defendant, who as agent for the plaintiffs collected the dividend of twenty-six dollars and fourteen cents, and on March 8, 1861, paid it to them, and they on the same day credited the payment as the last item in the account. We think the credit was rightly entered at that date, which was within six years of the date of the writ; and that it is so settled by adjudged cases.

In *Porter* v. *Blood,* 5 Pick. 54, the maker of a promissory note had delivered goods to the holder of it, to be sold and the proceeds applied to the payment of the note. After a considerable time had elapsed, the holder sold the goods and applied the proceeds toward payment of the note, and this was within six years before action brought. It was held that if the sale was made within a reasonable time, and the proceeds indorsed upon the note, it would be considered as a payment made by the maker's order at the time of the indorsement; but if the sale was made after a reasonable time had elapsed, without any assent on the part of the maker or notice to him, the indorsement would not take the note out of the statute of limitations. The same ruling was made in *Haven* v. *Hathaway,* 20 Maine, 345, a case very

much resembling the case at bar, where a note had been received as collateral security for the note in suit, and collections made upon it and indorsed from time to time. In each of these cases the doctrine is recognized that collections made upon collateral security are to be regarded as payments by the principal debtor at the time the money is received.

In *Brown* v. *Tyler*, 8 Gray, 135, a mortgage of real property was assigned as collateral security for the debt of a third person, and foreclosed by the assignee, by whom the property was afterward sold; and it was held that the debt for which the mortgage was collateral was not paid by the foreclosure, but by the conversion into money by the subsequent sale; so that the right of action by the assignor of the mortgage against the third person for money paid to his use was not barred by the statute of limitations until six years after such sale and conversion.

But the case at bar is much stronger for the plaintiffs than either of these. Not only was the note given as collateral security for the account, but the defendant notified the plaintiffs that the dividend was due, acted as their agent in collecting it, and himself paid it over. This was equivalent to an express request and authority to receive the money and apply it upon the account. If the account was then already paid, the money to be received upon the collateral security would have belonged to the defendant. *Exceptions sustained.*