CHARLES G. PARKER *vs.* LOUIS A. SCHWARTZ, administrator.

Worcester.　Oct. 5. — 20, 1883.　FIELD & W. ALLEN, JJ., absent.

An account for goods sold and delivered, upon which the buyer makes payments of money, which are applied in reduction of the account, is not a "mutual and open account current," within the Gen. Sts. c. 155, § 5; and it cannot be made such an account by an oral agreement of the parties.

CONTRACT on an account annexed for $177.41, for goods sold and delivered to the defendant's testatrix between December 3, 1872, and January 8, 1875. Writ dated January 6, 1882. Answer, the statute of limitations. Trial in the Superior Court, before *Knowlton*, J., who allowed a bill of exceptions, in substance as follows :

The defendant's testatrix died December 13, 1880, and the defendant was appointed on January 3, 1881, administrator, with the will annexed, of her estate.

It appeared in evidence that the plaintiff and his son, Charles H. Parker, doing business as copartners under the name of Charles G. Parker & Son, sold to the defendant's testatrix groceries, at sundry times between December 3, 1872, and June, 1874, amounting to $170.62, which were charged to her in an account, and received from her cash payments from time to time, with which she was credited upon the account, amounting to $82.39.

The plaintiff testified, and his evidence was not contradicted or objected to, that on June 19, 1874, his copartnership was dissolved, said account then remaining unsettled; that the plaintiff bought his son's interest in the business, and continued to carry it on in the same place, and became the sole owner of his son's interest in said account; that, immediately afterward, the defendant's testatrix sought continued credit of the plaintiff, who declined to sell her goods, or to give her further credit, unless she would agree to pay him said account, and let her account run along as an open mutual account, the same as it was with the copartnership; that she did so agree, and that thereupon, relying upon and in consideration of her agreement, he sold her goods on credit from time to time up to January 8, 1875, charging them to her on account.

It was agreed that she made no payment after the dissolution of the copartnership; and there was no other evidence bearing upon the question of the statute of limitations.

The plaintiff contended, upon this evidence, that the jury might find that there was a mutual and open account current between the plaintiff and the defendant's testatrix, which would take the case out of the statute of limitations; but the judge ruled that the plaintiff could only recover so much of the account as accrued within six years and thirty days prior to the death of the defendant's testatrix.

The jury returned a verdict for the plaintiff in the sum of $14.23; and he alleged exceptions.

*W. A. Gile*, for the plaintiff.

*B. W. Potter*, for the defendant.

COLBURN, J. If it could be held, under the evidence in this case, that the effect of the agreement between the plaintiff and the defendant's testatrix was to place his account against her precisely as it would have stood if he had had no partner, this would be the most favorable position for him; but the account would not have been a "mutual and open account current," within the meaning of the Gen. Sts. *c.* 155, § 5. The plaintiff had an account for goods sold and delivered to her, upon which she had merely made payments, which were immediately applied in reduction of the account. She had no account against him, upon which she had a right of action, or which could be filed in set-off. There was no mutuality in the account. *Ingram* v. *Sherard*, 17 S. & R. 347. *Adams* v. *Carroll*, 85 Penn. St. 209. *Green* v. *Disbrow*, 79 N. Y. 1. *Dyer* v. *Walker*, 51 Maine, 104. *Webster* v. *Byrnes*, 32 Md. 86. *Prenatt* v. *Runyon*, 12 Ind. 174. Angell on Limitations, §§ 143–145. Each payment would, of course, have the effect of a payment, in taking the account upon which it was made out of the statute of limitations. We do not intend to decide that items of money may not as well be proper items of charge, in a "mutual and open account current," and have the same effect as items of merchandise; but only that they do not have that effect when they are strictly payments. See *Dickinson* v. *Williams*, 11 Cush. 258.

The precise question raised in the case at bar does not appear to have been decided in this Commonwealth. We are aware of

no decision in conflict with the conclusion at which we have arrived, although in *Penniman* v. *Rotch*, 3 Met. 216, there are some dicta which appear to indicate a different view.

If it can be contended, on the evidence, that the parties agreed that the account should be a "mutual and open account current," it was not competent for them, by an oral agreement at least, to bring within the statutory exception an account which was not in fact within it. It would be similar to an agreement that a payment had been made, in order to take a debt out of the statute, when it had not been made in fact. *Blanchard* v. *Blanchard*, 122 Mass. 558.

It was perfectly competent for the plaintiff to show the agreement with the testatrix, in order that he might maintain an action, in his name only, on an account, part of which had been due to him and his partner; but its admission for this purpose, without objection, did not authorize its use, as the plaintiff proposed to use it, for a different purpose, for which it was not competent.                                    *Exceptions overruled.*