SAMUEL R. BUFFINTON & others *vs.* CLARK CHASE.

Bristol.    October 30, 1890. — December 8, 1890.

Present: FIELD, C. J., DEVENS, W. ALLEN, C. ALLEN, & KNOWLTON, JJ.

*Order — Payment by Promissory Note — Statute of Limitations.*

If a creditor takes an order for the amount of his claim, or for any less sum due to the debtor from the drawee, with the understanding that any amount paid upon the order by the drawee is to be applied to the claim, and subsequently receives the promissory note of the drawee, after his acceptance of the order, for a sum less than the claim, and applies it on account and credits it to the debtor, this is a part payment of the debt as of the date when the note is received, such as will take the balance of the claim out of the statute of limitations.

CONTRACT to recover a balance alleged to be due on an account between the parties. The answer set up the statute of limitations. Writ dated May 23, 1889. Trial in this court, without a jury, before *C. Allen,* J., who reported the case for the consideration of the full court, in substance as follows.

There was evidence tending to show the following facts. On November 7, 1881, the defendant owed the plaintiffs on account a sum which with interest amounted to $1,810. Samuel D. How-

land was indebted to the defendant, and on that day, at the request of the plaintiff Buffinton, the defendant gave to the plaintiffs an order on Howland, addressed to him and signed by the defendant, for $1,810, " or any less sum in your hands due me, and charge the same to my account." Howland was on the same day, or soon after, notified of the giving of said order, and promised to pay the same as soon as he could ascertain the amount in his hands due the defendant. After receiving this order from the defendant, frequent and repeated but unavailing attempts were made by the plaintiffs to obtain a settlement with Howland of the amount the plaintiffs were entitled to upon it until August 8, 1883, when the plaintiffs received from Howland his promissory notes for $1,145.87. At the time of obtaining the notes, the plaintiffs sent to Howland a receipt, signed by them, as follows : " Received Fall River, 8 mo. 8, 1883, from Sam. D. Howland his two notes on three and four months for $1145.87 and discounted at the Massasoit Nat. Bank Eleven Hundred Twenty-five and $\frac{30}{100}$ Dollars of said amount, viz. on account of Clark Chase's indebtedness to us." They also sent through the mail a similar receipt addressed to the defendant, but he denied having received it. The notes were discounted by the plaintiffs, and were renewed from time to time by Howland, and payments made by him from time to time, and at the time of the trial two of the notes, amounting to about $500, were still unpaid. No payment was made upon the order except by these notes, and no entry was made on their books by the plaintiffs until the receipt of the notes, when the plaintiffs' account was credited with the amount obtained thereon, namely, $1,125.30 ; and they relied upon this payment to take their case out of the statute of limitations. Some time after the notes were received by the plaintiffs, although just when did not appear, the plaintiffs sent to the defendant through the mail a statement of their account, with the notes received on account of the order credited thereon. After the receipt of the notes, the plaintiffs spoke to the defendant several times in regard to the payment of the balance due on the account, and the defendant replied that the plaintiffs should have collected more than they had from Howland, and that because of the order the plaintiffs could not collect anything further from him.

The defendant introduced evidence tending to show that the order on Howland was taken in full settlement of the balance due from him, and a receipt given at the time, in which the plaintiffs acknowledged the payment of the account by the order, which receipt he had lost; that after giving the order he had given no further attention to the matter, supposing it was settled; that until 1888 no claim had been sent in by the plaintiffs, and then he wrote them a letter denying his liability; and that he did not know of the giving of the notes by Howland, and never assented to their application on the account.

The plaintiffs denied that any receipt was given at the time the order was taken, and contended that the order was taken only for what might be got from Howland, which was to be applied on the plaintiffs' demand when received; and that the defendant knew that the notes had been given to the plaintiffs by Howland.

The defendant contended, and asked the judge to rule, that the claim was barred by the statute of limitations; that the application of the $1,125.30 must be made on the account as of the date of the acceptance of the order by the plaintiffs; that no part payment had ever been made by the defendant under such circumstances as to remove the statutory bar; and that the plaintiffs could not recover. The judge refused so to rule, and found as facts, that the order was taken with the understanding that whatever might be received upon it should be applied to the indebtedness of the defendant; that it was not understood that the plaintiffs should accept it in full payment, or as an accord and satisfaction; and ruled that under this state of things, when the plaintiffs settled with Howland by taking his notes, it amounted to a part payment made then. The judge found for the plaintiffs for the full amount claimed.

If the finding or ruling was erroneous, the same was to be set aside; otherwise, judgment was to be entered upon the finding.

*A. J. Jennings*, for the plaintiffs.

*H. K. Braley*, for the defendant.

DEVENS, J. The question which the case presents is, whether the receipt of certain notes, which the plaintiffs credited on the account of the defendant, are to be treated as a part payment

made by him on that date, from which a promise to pay the balance of the debt due may be implied, or whether the claim of the plaintiffs is barred by the statute of limitations. The defendant, on November 1, 1881, owed the plaintiffs a balance on account, which with interest amounted to $1,810, and gave the plaintiffs an order on one Howland for this sum, or any less sum due to him from Howland then in Howland's hands. Howland was notified of the order, and promised to pay the same when he could ascertain the amount due from him to the defendant. After repeated and unavailing efforts to collect this amount from Howland, the plaintiffs, on August 8, 1883, accepted from Howland his notes on time as discounted for the sum of $1,125.30, and gave the defendant credit for the same on account.

The defendant requested a ruling that the claim against him was barred by the statute ; that the application of the $1,125.30 must be made on the account as of the date of the acceptance of the order by the plaintiffs; that no part payment had ever been made by the defendant, or on his behalf, under such circumstances as to give rise to the inference that the defendant renewed his promise to pay; and that therefore the plaintiffs could not recover. The court refused so to rule, and found as facts, that the order was taken with the understanding that whatever might be received upon it should be applied to the indebtedness of the defendant, and that it was not understood that the plaintiffs should accept it in full payment, or in accord and satisfaction. The court further ruled, that in this state of things, when the plaintiffs settled with Howland by taking his notes, it amounted to a part payment then made by the defendant; and found for the plaintiffs. While the evidence was conflicting as to whether the order was given in accord and satisfaction of the debt due the plaintiffs, these findings of fact are justified by the evidence.

In order that part payment of a debt shall lead to the inference that it is at that time an acknowledgment of the debt which revives the original promise of payment, it is not necessary that such payment should be made by the debtor personally. It is sufficient that it be made by his direction and authority, and it takes effect from the time when it is thus

made. Where a debtor deposits with his creditor notes, accounts, etc. against third persons, not in satisfaction of his debt, but as collateral security therefor, to be applied in payment of the debt as the same may be collected, if the creditor acts in good faith and with reasonable expedition when he realizes thereon, his collections are to be regarded as payments by the principal as of the date and at the time when they are received. *Porter* v. *Blood*, 5 Pick. 54. *Brown* v. *Tyler*, 8 Gray, 135. *Whipple* v. *Blackington*, 97 Mass. 476. *Hancock* v. *Franklin Ins. Co.* 114 Mass. 155. *Butler* v. *Price*, 115 Mass. 578. *Haven* v. *Hathaway*, 20 Maine, 345.

The fact that this claim against Howland was not received in full payment, or accord and satisfaction, and only with the understanding that whatever was received on it was to be applied toward the indebtedness, was evidence that it was received only as collateral security for the debt, that the plaintiffs were made the agents of the defendant to collect it, and that these collections, when made, were to be received by the plaintiffs as payments of that date. There was no evidence that the plaintiffs had not acted in good faith, and made every reasonable effort to collect this claim against Howland. After the defendant was informed that the plaintiffs had taken notes therefor, which were credited to him, he contended only that more▸should have been got from Howland than was received; and, further, that the plaintiffs had received this claim in satisfaction of their debt. The finding was, that the order was not received in satisfaction of the debt; and there was no evidence offered that the notes which the plaintiffs accepted were not equal in amount to the debt due from Howland.

The defendant relies much upon *Campbell* v. *Baldwin*, 130 Mass. 199; but the case at bar is quite distinguishable. It was there held that, if the assignee of a mortgage of real estate containing a power of sale sells the mortgaged premises, and, after paying the expenses of the sale, applies the balance to the mortgage debt, this does not operate as a part payment on the note so as to take it out of the statute of limitations as to the mortgagor, who at the time of the sale had conveyed the premises to a third person, upon the latter's agreement to pay the note. In that case, at the time of the sale the debtor had no

interest in the property sold, and no right to the proceeds of the sale. The money which was applied in part payment of the note was not his money. Even if it would be applied by law to the extinguishment, *pro tanto*, of his debt, the application was not under his control, and involved no action of his mind. In the case at bar, that which the plaintiffs had must be deemed collateral security for the debt due to them. The money, or the notes which the plaintiffs accepted as money, was the property of the defendant. While the plaintiffs had the right to apply these to the liquidation of the defendant's debt, it was as money that they received them of the defendant; and had the amount received exceeded the amount due, the defendant would have had a right to this balance. It was as agent for the defendant that the plaintiffs received the notes from Howland and applied them on the debt.

The case of *Harper* v. *Fairley*, 53 N. Y. 442, — which has been followed in New York by other cases holding that, where an obligation of a third person has been transferred to a creditor as security for a debt, and a payment has subsequently been made thereon by such third person, it cannot be deemed evidence of a new promise of that date by the debtor, — is not in accordance with the current of our authorities heretofore cited. In *Smith* v. *Ryan*, 66 N. Y. 352, 357, where this rule is followed, it is suggested that the case of *Whipple* v. *Blackington, ubi supra*, is perhaps distinguishable from the decision there made, on account of the different language used in the statutes of the two States. However this may be, by our decisions the doctrine is fully recognized that collections made upon collateral security are to be regarded as payments by the principal debtor at the time the money is received. If, as in the case at bar, the plaintiffs received the notes of the third person as money, giving the debtor credit therefor as such, the same rule must apply.

*Judgment on the finding.*