ALFRED D. DAY & others *vs.* AMAZIAH MAYO, JR.

Hampden.    September 23, 1891. — October 24, 1891.

Present: ALLEN, HOLMES, KNOWLTON, MORTON, & BARKER, JJ.

*Mutual and Open Account — Partial Payment — Statute of Limitations.*

Where a partial payment is made on account of an existing indebtedness, the whole debt upon which such payment is made is thereby taken out of the statute of limitations up to that time; and if the payment was made to apply upon an indebtedness consisting of many items, all of them will thereby be saved from the effect of the statute.

CONTRACT, upon an account annexed, to recover $1,449.49, with interest thereon from June 12, 1884, when it was alleged demand was made for the same. The answer set up the statute of limitations. Writ dated June 7, 1890. The case was submitted to the Superior Court upon the following agreed statement of facts:

"The defendant was indebted to the plaintiffs on March 20, 1884, for merchandise sold and delivered by the plaintiffs to defendant, in the sum of $5,108.90, less sundry cash payments

which the defendant had made on account of said indebtedness. Subsequent to said date, March 20, 1884, the defendant made other cash payments on account, all of which were made more than six years prior to the suing out of the plaintiff's writ, except the last cash payment of one hundred dollars made by the defendant, which last payment was made on June 12, 1884, which last payment was within six years prior to the suing out of said writ. If the plaintiffs are entitled to recover, they are entitled to recover $1,449.49, and interest thereon from June 12, 1884."

The Superior Court ordered judgment for the defendant; and the plaintiffs appealed to this court.

*F. E. Carpenter*, for the plaintiffs.

*C. L. Long*, for the defendant.

ALLEN, J. This case was submitted to us by the defendant upon a brief, without oral argument, and the only ground taken in defence is that " no fact is shown which can be claimed to take the account out of the operation of the statute of limitations, except the fact that a payment of one hundred dollars has been made on the account within six years; such a payment will not so operate"; citing *Parker* v. *Schwartz*, 136 Mass. 30, as an authority in support of the proposition. This argument, however, is founded upon a misapprehension of the scope of that decision; and since the justice of the Superior Court who heard the present case appears to have shared in that misapprehension, a restatement of the rules applicable to that case and to this may be expedient.

A statutory provision has long been in force in this Commonwealth, that, in actions brought " to recover the balance, due upon a mutual and open account current, the cause of action shall be deemed to have accrued, at the time of the last item proved in such account." Rev. Sts. c. 120, § 5. Gen. Sts. c. 155, § 5. Pub. Sts. c. 197, § 8. The construction put upon this provision has been, that, in case of a mutual and open account current, such as is contemplated by the statute, the statute of limitations begins to run at the time of the last item on either side of the account, and in such case a plaintiff may recover the whole balance due to him upon such account if he proves any item upon his own side within the period of limitation, although there has been no

item upon the defendant's side of the account within that time. *Penniman* v. *Rotch,* 3 Met. 216. *Whipple* v. *Blackington,* 97 Mass. 476. *Safford* v. *Barney,* 121 Mass. 300. But an item which is merely a payment made by the defendant on account of the items charged against him by the plaintiff will not have the effect to make the account a mutual and open one within the meaning of the statute. Such a payment is not a matter of separate and independent charge; it is merely a partial extinguishment of an existing indebtedness. It does not, therefore, create the mutual and open account current to which the statute gives the peculiar privilege of extending the time of limitation so that it begins to run at the time of the last item proved on the side of the plaintiff, even though all the items on the side of the defendant are of earlier date. Such was the decision in *Parker* v. *Schwartz,* 136 Mass. 30, in which no payment had been made by the defendant within the period of limitation, but on the strength of earlier payments the plaintiff sought to bring his case within the special doctrine applicable to the statutory mutual and open account current. No question was involved in that case as to the proper and ordinary effect of a payment, but the court, out of abundant caution, said, " Each payment would, of course, have the effect of a payment, in taking the account upon which it was made out of the statute of limitations." This rule of the common law is familiar, and it is recognized and preserved in the provision of the Pub. Sts. c. 197, § 16, that " nothing contained in the preceding section shall alter, take away, or lessen the effect of a payment of principal or interest made by any person."

Where a partial payment is made on account of an existing indebtedness, the whole debt upon which such payment is made is thereby taken out of the statute of limitations up to that time. The identity of the debt sued on with that upon which the payment was made must of course be established. But if it is shown that the payment was made to apply upon an indebtedness consisting of many items, all of them will thereby be saved from the effect of the statute. The payment is an acknowledgment of the existence of the indebtedness, and raises an implied promise at that time to pay the balance. *Penniman* v. *Rotch,* 3 Met. 216, 223. *Taylor* v. *Foster,* 132 Mass. 30. *Whipple* v. *Blackington,*

97 Mass. 476.　*Gilbert* v. *Collins,* 124 Mass. 174.　*Buffinton* v. *Chase,* 152 Mass. 534.

The present case falls within this rule.　The agreed statement of facts recites that the defendant was indebted to the plaintiffs for merchandise sold and delivered by them to him, in the sum of $5,108.90, less sundry cash payments which the defendant had made on account of said indebtedness.　Subsequently, the defendant made other cash payments on account, the last of which was within six years prior to the suing out of the plaintiff's writ. We can give no other construction to the agreed statement of facts than that a payment of cash was made within six years on account of the indebtedness sued on, and this appears to be the construction adopted in the defendant's brief.　The result is, that the plaintiffs are entitled to recover.

*Judgment for the plaintiffs.*