## NUNN *v.* MCKNIGHT.

### Opinion delivered June 18, 1906.

1. STATUTE OF LIMITATIONS—PART PAYMENT.—There was evidence that defendant, while indebted to plaintiffs, delivered to them cotton with the understanding that it should be held by them for him for a rise in value, and that, so soon as a satisfactory price could be obtained, it should be sold and the proceeds credited on his debt; that, before the debt was barred, the cotton was sold and the proceeds credited on defendant's debt; and that defendant was notified of the sale, and assented to the application of the proceeds as a credit on the debt. *Held,* that the payment made a new point from which the statute of limitations began to run. (Page 396.)

2. ACCOUNT—SINGLENESS.—Where a running account was composed of various items for goods and merchandise furnished defendant during a certain year, and by agreement was due on the first day of the following year, it would be incorrect and misleading to speak of each item of the account as a separate contract. (Page 397.)

3. STATUTE OF LIMITATIONS—PART PAYMENT ON OPEN ACCOUNT.—It seems that a payment generally on an open account makes a new

point for the running of the statute of limitations as to the whole account. (Page 397.)

4. SAME—PART PAYMENT ON STATED ACCOUNT.—A part payment on·an account stated stops the running of the statute of limitations as to the entire account, which constitutes a single debt. (Page 397.)

5. SAME—INSTRUCTIONS.—It was proper to refuse an instruction in a suit upon account that the plaintiffs must show that each item of the account sued on became due within three years before the beginning of the suit before they can recover, as it.would have compelled a verdict, even though there had been a part payment. (Page 398.)

Appeal from Clark Circuit Court; *Joel D. Conway,* Judge; affirmed.

*C. V. Murry,* for appellant.

1. The account, and every item thereof, is barred by the statute of limitations. 44 Ark. 534; Kirby's Digest, § 5079; 60 Am. Rep. 254; 17 Am. Rep. 171; 11 Ark. 32. The burden was on plaintiff's to show the action was not barred. 69 Ark. 311.

2. The proceeds of the cotton should have been credited as of the date of the delivery, in January, 1896. Defendant testified that he delivered the cotton on the account, and did not instruct plaintiff to hold it. Plaintiff's own testimony shows that they treated the cotton as their own from the time it was delivered. 60 Ark. 497; 132 Mass. 33.

*Hardage & Wilson* and *John H. Crawford,* for appellees.

1. The whole of a running account is one debt. 38 Ark. 285; 57 Ark. 595. The entire account as one debt was credited with the payments, the effect of a payment being to fix a new point of time from which the statute would begin to run.

2. When an account is stated, and an amount agreed upon, although the statement is verbal, the statute begins to run from the date of the settlement. 2 Greenleaf, Ev. § 127; 64 Cal. 64; 89 Am. Dec. 85; 75 Cal. 192; 85 Va. 820; 107 U. S. 325; 3 Pick. 96; 27 L. R. A. 811.

3. The cotton was delivered by appellant to be held and finally sold, and the proceeds to be applied on the account. The credit of the proceeds was a sufficient payment from which to imply a promise by appellant to pay the remainder of the account. 45 Am. Rep. 106; 4 N. J. L. 334.

RIDDICK, J.    This is an action by W. T. and Alex McKnight against T. J. F. Nunn to recover the sum of $609.68 alleged to be due on an account for goods and merchandise sold and delivered and for balance found due on an account stated.   The plaintiffs recovered judgment for $549.68, and, so far as the amount due is concerned, the evidence fully sustains the judgment, but the main defense relied on is the statute of limitations. The action was commenced July 6, 1903, and it is conceded that the account was due more than three years before that date, but plaintiffs contend that there was a part payment made on the account within three years before the bringing of the suit.

The plaintiffs are merchants who had for a number of years furnished goods and supplies to the defendant.   Their custom was to have a settlement with him at the end of each year, and then carry over any balance which defendant might be unable to pay until the next year.   The last settlement was made in early part of 1897 for goods sold previous to that time, and a balance of $566.77 was stated, and by agreement with defendant this balance was placed on the books of plaintiffs as due January 1, 1898.   At this time the plaintiffs had in their possession cotton of defendant which had not been sold, but it was understood that, when sold, the defendant should have credit for the proceeds of the cotton on his debt.   After this settlement was made the plaintiffs continued to sell the defendant goods and merchandise during the year 1897, with the understanding that this account should become due and be paid along with the balance found due on the 1st of January, 1898.   But the defendant did not pay his debt when it became due on 1st of January, 1898.

The cotton in the hands of plaintiffs was afterwards sold, and the defendant was given the following credits therefor on the books of plaintiff, towit:   February 18, 1899, by proceeds of four bales of cotton $120.24; August 7, 1900, by proceeds of two bales of cotton $81.23.   It is this last payment which is relied upon by plaintiffs to prevent the bar of the statute.   This cotton, the proceeds of which were credited in August, 1900, was delivered by defendant to plaintiff in 1896.   But at the time it was delivered the price of cotton was low, and by consent of defendant it was held to await a rise in price.   Afterwards there was a still further decline in the price of cotton, and it was not sold until August,

1900. By this delay defendant obtained several cents a pound more for the cotton than he would otherwise have received, and so soon as sold the proceeds were credited on his account. Shortly afterwards defendant was informed by plaintiffs of the disposition of the cotton, and expressed himself as pleased that he had obtained such a good price for it. Counsel for defendant now contends that crediting the proceeds of this cotton on defendant's account was not such a payment as to make a new date from which the statute of limitations began to run, and that the proceeds of the cotton must be treated as paid when the cotton was delivered. As this cotton was delivered before the debt was due, if there had been nothing more than this delivery with request that plaintiffs should hold the cotton and sell when price of cotton was satisfactory, and then credit proceeds on debt, there would be much force in the contention of defendant that this would not affect the statute of limitations, for the reason that there would then have been no act of defendant recognizing the debt, after its maturity, that we could treat as admitting its existence and impliedly promising to pay the balance due. *Chase* v. *Carney,* 60 Ark. 491.

But there is something more than that in this case. One of the plaintiffs testified that when the cotton was sold it was applied to defendant's account, and that the defendant was soon afterwards informed of the sale of the cotton. The witness was then asked, "Was it satisfactory to him?" He answered, "Yes, sir; he said he was well satisfied with the price, for it was more than it had been." The other plaintiff testified that, after the cotton was sold, he told defendant of the sale the first time he met him in town, and that defendant did not at first remember that he had two bales. Witness was then asked, "What did he say about it?" and replied, "He didn't say anything more than that he had forgotten it, and was well pleased after he found that he had gotten more for it." This is certainly not very satisfactory testimony, for the witnesses were not asked, and do not directly state, whether defendant assented to the placing of the proceeds of the two bales of cotton to his credit; but we think the jury had the right to draw that conclusion from the testimony of these witnesses, for we infer from his testimony that defendant did not demand the

proceeds of the cotton in cash, or object to the action of the plaintiffs. That being so, the case stands that the defendant, while he had a running account with the plaintiffs, delivered them this cotton with the understanding that it should be held by them for him for a rise in value, and that, so soon as a satisfactory price could be obtained, it should be sold and the proceeds credited on his debt; that, before the debt was barred by the statute, the cotton was sold and proceeds credited as a payment on the debt; that the defendant was then notified of the sale of the cotton and assented to the acts of plaintiffs in selling it and placing the proceeds as a credit on his debt. This brings the case within the decision of *Less* v. *Arndt*, 68 Ark. 399, 59 S. W. 763, and made a new point from which the statute runs. See also *Day* v. *Mayo*, 154 Mass. 472; *Buffinton* v. *Chase*, 152 Mass. 534; *Porter* v. *Blood*, 5 Pick. (Mass.), 54; *Harris* v. *Howard*, 56 Vermont, 695; 19 Am. & Eng. Enc. Law, 325-329.

We find no error in giving or refusing instructions. The first instruction asked by defendant was not correct, for it contained a statement that each item of the account constituted a separate contract. If that was true, the circuit court would have original jurisdiction over but few actions on account for goods sold and delivered, for such accounts are usually composed of small items, the value of which, taken separately, is seldom sufficient to give that court jurisdiction. The account sued on in this case, with the exception of the first item for account stated, is composed of items for goods and merchandise furnished defendant on a running account during the year 1897. This whole account, by agreement between the parties, was due the 1st of January, 1898, and it would be incorrect and misleading to speak of each item of the account as a separate contract. *Hughes* v. *Johnson*, 38 Ark. 285; *Dunnington* v. *Kirk*, 57 Ark. 595; *Ring* v. *Jamison*, 2 Mo. App. 584.

A payment generally on this account would, it seems to me, make a new point for the running of the statute as to the whole account, but it is unnecessary for the court to decide that question, for the reason that, if the payment made be applied to the first item on the account, and if we concede that it tolled the statute as to that item only, still the balance due on that item would be more than the amount found by the jury; for the first item is that

for account stated, and after application of all credits it still amounts with interest to more than the verdict, and supports the judgment, even though the remainder of the account be rejected. The balance due on the account stated is one debt. *Patillo* v. *Allen-West Com. Co.,* 131 Fed. Rep. 680.

By the second instruction asked by defendant, the court was requested to tell the jury that the plaintiffs must show that "each item of the account sued on became due within three years before the beginning of this suit, before they can recover thereon." But that would have been misleading, under the facts of this case, for the plaintiffs admitted that all of the items became due more than three years before the commencement of their action, and relied on a part payment. This instruction, as asked by defendant, would have compelled a verdict for defendant, even though there had been a part payment, and was properly refused.

The third instruction asked by defendant related to the effect of a verbal promise to pay on the statute of limitations; but, as there was no claim that a verbal promise had been made in this case, and no evidence of such a promise, it was unnecessary to give an instruction on that point.

The fourth instruction requested by defendant, so far as correct, was covered by the instructions given by the court on its own motion.

The evidence clearly shows that the defendant was liable, unless the debt was barred by limitation. On that point the evidence was conflicting, and was settled by the verdict. On the whole case, we are of the opinion that the judgment should be affirmed, and it is so ordered.