## Pekin Stave Company v. Ramey.

### Opinion delivered June 9, 1913.

1. MASTER AND SERVANT—NEGLIGENCE—SUBSEQUENT REPAIRS AS EVIDENCE.
   —In an action against a master for an injury to a servant, it is prejudicial error to permit proof that the manner of the operation of the appliance causing the injury was immediately changed or the defect remedied, in order to show negligence in the master. (Page 489.)

2. APPEAL AND ERROR—PREJUDICIAL ERROR.—In an action against a master for injury to a servant, the admission of evidence that a shield was placed about the saw which injured plaintiff, after the injury, drawn out by plaintiff's counsel after persistent effort, is a reversible error. (Page 489.)

3. MASTER AND SERVANT—INJURY TO SERVANT—LIABILITY.—A servant can recover damages for injuries received through the negligence of the master only when the negligence complained of is the proximate cause of the injury, and that the injury ought to have been foreseen in the light of attending circumstances. (Page 489.)

4. MASTER AND SERVANT—INJURY TO SERVANT—ASSUMPTION OF RISK.—Where a servant operates an unguarded saw without any objection, he assumes the risks attendant thereon, but he does not assume the risk of injury from blocks thrown by the saw, caused by the master's negligence, unless he was aware of the negligence and appreciated the danger. (Page 489.)

5. INSTRUCTIONS—ASSUMPTION OF A FACT.—An instruction on the assessment of damages in a suit for personal injuries is erroneous when it assumes that the plaintiff's injury is permanent. (Page 490.)

Appeal from Van Buren Circuit Court; *George W. Reed, Judge;* reversed.

*T. D. Wynne* and *Garner Fraser*, for appellant.

1. It was obvious error to allow counsel for appellee in his opening statement to impress upon the minds of the jury the fact that a hood or apron had been placed about the saw immediately after the accident, and afterwards on the trial to bring out testimony to prove that fact. 70 Ark. 182; 78 Ark. 148, syllabus 7; 79 Ark. 393; 89 Ark. 556; 82 Ark. 561.

2. The modification requested by appellant of the court's instruction 3 is elementary law and was fully warranted by the evidence. It should have been given.

56 Ark. 221; 90 Ark. 392; *Id.* 411; 93 Ark. 155; 95 Ark. 564; 100 Ark. 465; 101 Ark. 201; *Id.* 537; 32 Ark. 722.

3. Instruction 4, given at appellee's request, erred in assuming, without proof, that appellee was getting wages, and in assuming that his injuries were permanent, which was a matter in dispute.

4. The court erred in refusing appellant's request to instruct the jury in effect that they should indulge the presumption that the defendant exercised due care until the contrary was shown by a preponderance of the evidence; that it did not insure nor guarantee plaintiff against injuries, that they should not assume negligence on the part of defendant merely from the happening of the accident, and that it was not liable unless the negligence complained of was the proximate cause of the injury, and the latter the natural and probable consequence of that negligence.

*E. G. Mitchell* and *Guy L. Trimble,* for appellee.

1. The jury were clearly instructed by the court not to consider statements with reference to what occurred after the accident. 70 Ark. 183; 89 Ark. 562.

2. Appellant's objection to instruction 4 was general, and not sufficient to call the court's attention to any specific reason for changing its phraseology. 98 Ark. 353; 98 Ark. 425; *Id.* 211; *Id.* 227. But, as drawn, the instruction does not assume permanent injury.

3. It was not error to refuse to modify instruction 3, as requested. 101 Ark. 201.

KIRBY, J. This is the second appeal of this cause, which is sufficiently stated in the opinion rendered on the first appeal, reported in the 104 Ark. 1. 147 S. W. (Ark.) 83.

The court reversed the case because of an erroneous instruction, which was held, in effect, to be peremptory and amounting to a direction of the verdict, and said:

"From the testimony adduced at the trial, we are of the opinion that there was sufficient evidence to warrant a finding that the defendant was negligent in not exercising ordinary care to furnish a safe machine near

which the defendant was directed to work by reason of its failure to supply it with an apron or shield in order to prevent the saw from hurling the blocks; or that the defendant was negligent in permitting the blocks to accumulate upon the floor to such a height as to fall upon the saw."

It also said the testimony was sufficient to warrant the jury in finding that the saw furnished was a reasonably safe instrumentality for performing the work and it was a question of fact for the jury to determine whether the defendant was negligent in permitting the blocks to accumulate near the saw as was done on this occasion.

Upon the trial anew, virtually the same testimony was introduced as upon the former trial, the appellant objecting to a statement of the attorney for appellee that it, immediately after the accident and injury, provided a shield around the saw to prevent it coming in contact with blocks and occasioning injury such as occurred to appellee, and to the introduction of testimony relating thereto.

In the opening statement to the jury, appellee's counsel said: "We will show you, gentlemen of the jury, by their own testimony, by their own employees, it is not disputed or denied, never has been and I assume never will be, that this saw could have been protected at very small cost, of almost nothing; they did protect it immediately afterward." This was objected to, and the court said: "You can state what was done before the accident, but not afterwards."

Counsel for appellee said further: "The proof will show, gentlemen of the jury, it has been repeatedly shown by witnesses and by the facts in the case, that within five minutes after he (Ramey) was hurt, they had at no cost put a hood on it, fixed it, and since then they have never hurt a man by that saw." The court, on appellant's objection, said to counsel, "Go on," and to the jury, "You will not consider anything they did after-

wards, but before and at the time of the injury," without any further remark.

The appellant asked the court to exclude all the remarks of counsel in regard to placing the shield about the saw after the accident from the consideration of the jury and to instruct them not to consider it, to which the court said: "Gentlemen of the jury, that is just what I said before. * * * You are not to consider what they did did afterwards, but before it was on, at the time of the injury."

H. S. Lacy testified that it was his duty to remove the blocks as they fell from the cut-off saw, where he was at work at the time of the injury. "There was a way to prevent the saw from throwing blocks. An apron put there would have shoved the blocks off to one side. An apron two and a half feet wide and four feet long would have been sufficient." Counsel then asked the witness if appellant did not put one there after the accident. This being objected to, and the objection sustained, counsel immediately said: "I will ask you if they did not put one there within five minutes after Ramey was hurt? "Do not answer." The court likewise sustained the objection. Counsel for the plaintiff then said: "I want to ask if since then it has thrown any blocks, your honor, and want it written down and I will pass on, write down. I want to ask if since that apron was put there, if it is a fact it has ever thrown a block." Upon objection, the court said: "You can show if it has not thrown any blocks since, you can show the reason why it has not." Objections were made and exceptions saved to this ruling. Counsel for appellee asked: "State whether or not, since Mr. Ramey got hurt, if there has ever been anybody else hurt by blocks thrown that way?" To which the witness replied: "Not to my knowledge," and upon being asked, "Why?" said: "Because there was a shield to protect that." He then described the shield. By counsel for appellee: "Therefore, it could not throw blocks?" A. "The saw

could not pick up the blocks from underneath, because it could not get underneath the saw.''

Appellant moved to exclude this testimony, relating to the changed condition since the accident and its objections were overruled and exceptions saved.

During the examination of F. M. Pittman, another witness for appellee, the following occurred:

''I worked there several weeks after that and did not see the saw throw any blocks.'' Upon objection, the court told the witness to answer, to which the witness replied, ''No; I did not.'' Q. ''Why did it not throw the blocks after that? Tell the jury why it did not?'' Counsel for the defendant objected to the question and objections were overruled and exceptions saved by the defendant. A. ''Well, there was a protection put there what is called an apron, put so the blocks could not get under the saw, could not drop under that, I suppose.'' Q. ''All the time since, you never saw it throw any blocks.'' A. ''No, sir; I never did.'' Counsel for defendant objected to the answer and asked that it be stricken from the record and the jury instructed not to consider it. The objection was overruled and exceptions saved.

During the examination of Finis LeMay, another of the witnesses for appellee, the following occurred: ''I will ask you if that cut-off saw ever threw blocks at any time after that?'' Counsel for defendant: ''I object to the question.'' Court: ''Ask if he knows.'' ''Q. How long did you work after that?'' A. ''I worked about a year.'' Q. ''State whether or not in the year you worked at that saw it ever threw any more blocks?''

The defendant objected to this testimony, the objections were overruled and exceptions were saved by the defendant. Q. ''Did it or not?'' Objected to, objections overruled by the court and defendant saved its exceptions. A. ''After that they put a sheathing on to keep it from throwing blocks.'' Counsel for defendant: ''I move that be stricken from the record.'' The court:

"Overruled." Exceptions were saved by the defendant to the ruling of the court.

This witness being recalled and asked again:

"State whether or not it could have thrown blocks after that?" Objections being overruled and exceptions saved to this question, witness answered: "No; I don't think it could."

The court instructed the jury, giving instruction numbered 3 for the plaintiff, as follows:

"You are instructed that the plaintiff assumed all the risks ordinarily incident to the work he undertook to do for the defendant, but not the risk of failure of defendant to do its duty," and declined to modify it at appellant's request, by adding the following:

"But the plaintiff did assume the risks if he was aware of the condition of the machinery around which he worked and the perils and dangers incident thereto."

Appellant also objected to two of the other instructions given and complains of the court's refusal to give several requested by it, among those one, numbered 4, as follows:

"The jury is instructed that before the plaintiff can recover you must find that the negligence complained of was the proximate cause of the injury, and satisfying yourself in this respect you must believe that the injury was the natural and probable consequence of the negligence as alleged in plaintiff's complaint, and that the injury, if any, ought to have been foreseen in the light of the attending circumstances."

The jury returned a verdict against the appellant and from the judgment thereon it appealed.

It is contended for reversal that the court erred in permitting appellee to show that a shield or hood was placed about the saw to make its operation safer immediately after the injury to appellee and also in refusing to give appellant's requested instruction numbered 4, and in failing to modify, as requested, instruction numbered 3, given for appellee.

It has been repeatedly held by this court that it is prejudicial error to permit proof of the fact after the occurrence of an injury, that the manner of the operation of the appliance causing it was immediately changed or the defect remedied in order to show negligence of the master in furnishing it. *St. Louis, I. M. & S. Ry. Co.* v *Steed,* 105 Ark. 205; 151 S. W. (Ark.) 259; *Prescott & N. Ry. Co.* v. *Smith,* 70 Ark. 179; *St. Louis S. W. Ry. Co.* v. *Plumlee,* 78 Ark. 148; *Fort Smith Traction Co.* v. *Soard,* 79 Ark. 393; *St. Louis, I. M. & S. Ry. Co.* v. *Walker,* 89 Ark. 556; *Bodcaw Lbr. Co.* v. *Ford,* 82 Ark. 561.

This proof of the fact of putting a shield and apron about the saw after the injury occurred did not come out incidentally as in the Ford case, *supra,* but appears to have been the result of persistent effort on the part of appellee's counsel from the beginning of his opening statement to the conclusion of the introduction of testimony, finally resulting in the court allowing it to go to the jury. It can not be said that the evidence established, conclusively, negligence upon the part of the stave company in operating the cut-off saw unprotected by a shield or hood and this testimony was prejudicial and calls for a reversal of the case.

Appellant's requested instruction numbered 4 was also a correct statement of the law and should have been given, but the case would not have been reversed for the court's failure to give it, alone.

Instruction numbered 3 for appellee should have been modified as requested by appellant. The modification only tells the jury that the plaintiff assumed the risk if he was aware of the condition of the machinery around which he worked and the perils and dangers incident thereto.

The testimony shows conclusively that he knew the manner of the operation of the cut-off saw which was open and obvious; that he was a grown man of reasonable intelligence, and made no complaint about the operation of it without a shield or hood, and if the stave

company was negligent in so operating it he assumed the risk incident to its operation and could not hold the master liable for injuries received by him on account of its being operated without a hood. *Emma Cotton Oil Co.* v. *Hale,* 56 Ark. 221; *St. Louis, I. M. & S. Ry. Co.* v. *Goins,* 90 Ark. 392; *Ark. Mid. Ry. Co.* v. *Worden,* 90 Ark. 411; *St. Louis, I. M. & S. Sy. Co.* v. *Wells,* 93 Ark. 155; *Mo. & N. A. Ry. Co.* v. *Van Zant,* 100 Ark. 465; *Asher* v. *Byrnes,* 101 Ark. 201; *Chicago Mill & Lbr. Co.* v. *Wells,* 101 Ark. 537; *Fullerton* v. *Henry Wrape Co.,* 105 Ark. 434; *Ry.* v. *Edwards,* 154 S. W. (Ark.), 209.

Of course the appellee did not assume the risk of the negligence of the master in piling or allowing the blocks to accumlate about the cut-off saw to such an extent that it was liable to strike and throw them and produce the injury that did result, unless he was aware of such negligence and appreciated the danger arising therefrom or incident thereto, as this modification told the jury. *Asher* v. *Byrnes,* 101 Ark. 201.

The court erred in refusing to modify the instruction as requested.

Instruction numbered 4, relating to the assessment of damages, is open to the objection that it seems to assume that appellee's injury is permanent, but it could and would have been corrected if a specific objection had been made. It will doubtless not be given in the same form upon the trial anew.

For the errors designated, the judgment is reversed and the cause remanded for a new trial.