W. T. Rawleigh Company v. Pritchard.

Opinion relivered January 23, 1922.

1. Limitation of actions—written contract.—Where plaintiff entered into a written contract for sale of merchandise in installments at stipulated prices, and certain of the defendants at the time of execution of the contract joined therein for the purpose of becoming guarantors of the purchaser, a suit upon the agreement is upon a written contract, to which the five-years statute of limitation (Crawford & Moses' Dig. § 6955) applies, though an account of the purchases under such agreement is filed with the complaint.

2. Limitation of actions—part payment.—A part payment on an account based upon a written agreement, made within five years, interrupted the running of the statute of limitations.

Appeal from Pulaski Circuit Court, Second Division; *Guy Fulk*, Judge; reversed.

*Sherrill & Mallory*, for appellant.

The contract is controlled by the five-years statute of limitations. C. & M. Dig., sec. 6955.

The contract and guaranty are one and the same, both being written, and the obligation of the guarantors is to pay the account, upon the failure of the principal. 190 S. W. 118.

An action by a waterworks company against a defendant on a written contract to furnish water is controlled by the five-year statute. 59 So. 825. But on the death of the principal the statute did not begin to run until the appointment of an administrator. 48 N. Y. Supp. 36; 36 Mo. 121; 80 N. Y. Supp. 428; 25 Ark. 463; 73 Ark. 45.

The contract sued on is one of guaranty, 115 Ark. 606, and an action against the guarantors could not be maintained until the principal had breached his contract. 190 S. W. 118.

On the death of the principal the statute of limitation ceases, and the statute of non-claim does not begin to run until the appointment of an administrator. 73 Ark. 45.

McCulloch, C. J.  Appellant was a foreign corporation engaged in selling goods and merchandise, and on January 5, 1915, entered into a written contract with A. S. Ott for the sale of merchandise to the latter in installments at stipulated prices.  Appellees, A. L. Pritchard and W. L. Davis, at the time of the execution of this contract, joined therein for the purpose of becoming guarantors of Ott for the payment of all amounts due under the contract for the sale of merchandise.  Ott died on July 29, 1916, owing a balance of $695.32.  Appellant presented the claim to Ott's administrator and instituted the present action in the circuit court of Pulaski County against the administrator and against appellees as guarantors of the account.  Appellees pleaded the statute of limitation in bar of appellant's right to recover against them, and the court sustained the plea, and rendered judgment in favor of appellees, but judgment was rendered in favor of appellant against the estate of Ott.

The contract between Ott and appellant, as well as the contract of guaranty executed by appellees, was declared upon in the complaint, but the full amount of Ott's account for purchases under the contract was exhibited with the complaint.

This is a suit upon a written contract and the case is controlled by the statute of limitation which provides that all actions on written instruments shall be instituted within five years after the cause of action accrues.  Crawford & Moses' Digest, sec. 6955; Sims v. Miller, ante, p. 377.  The present action was instituted March 1, 1920, and nearly the whole of the balance claimed by appellant, the

last items of the account, was sold within five years prior to that date. However, there was a payment on the account within five years, which interrupted the running of the statute. *Nunn* v. *McKnight,* 79 Ark. 393. The action was not barred, and the court erred in sustaining the plea of statute of limitation.

Reversed and remanded for a new trial.