McConnell v. Arkansas Coffin Company.

Opinion delivered November 15, 1926.

1. LIMITATIONS OF ACTIONS—RUNNING ACCOUNT.—An account sued on which merely stated charges and credits is not a "mutual open account current," within Crawford & Moses' Dig., § 6964, making the course of action thereon to accrue from the time of the last item, but is a mere open running account.

2. LIMITATION OF ACTIONS—PAYMENT ON RUNNING ACCOUNT.—Partial payments made on a running account, generally without specifying any particular item, interrupt the running of the statute, so as to constitute a new point from which the statute begins to run as to the whole account.

Appeal from Sebastian Circuit Court, Fort Smith District; *John E. Tatum,* Judge; affirmed.

*A. M. Dobbs,* for appellant.

*Daily & Woods,* for appellee.

McCulloch, C. J. This is an action instituted by appellee against appellant to recover a balance of $2,459.27 on open account for merchandise sold and delivered, and appellant pleaded the statute of limitation as to all the items of the account except the last ones, aggregating $943.30, as to which liability was admitted. There is no controversy as to the original correctness of the account, the only question in the case being whether recovery is barred by limitation. The cause was tried before the court sitting as a jury, and there was a finding in favor of appellee for the full amount of the balance on the account.

The case was heard on an agreed statement of facts, from which it appears that appellee was a wholesaler and appellant a retailer, and that numerous purchases were made by appellant from appellee, beginning with December 11, 1919, and ending November 1, 1921, the total of all the items being the sum of $3,360.10, and payments were made thereon in the aggregate of $900.83, reducing the balance of the account to $2,459.27. It is further shown in the statement of facts that the various bills of goods were shipped on separate orders of appellant, made from time to time; that the invoice for each separate shipment was mailed out and the amount thereof was due and payable ninety days from date; that appellee kept a ledger account of the sales, item by item, the said account consisting solely of charges on one side and credits of payments on the other; that payments were made on the account after the last item, and within three years before the commencement of the action, and that there was "no agreement or understanding between the parties as to what portions of the account the respective payments should be applied," but that the payments were made by appellant and credited by appellee generally on the account, and not to any particular item.

It is plain that the action is not one upon "mutual open account current," within the definition of the statute (Crawford & Moses' Digest, § 6964) which makes

the accrual of the cause of action run from the last item on the account, for the reason that this account was merely one of charges on one side and credits of payments on the other. *McNeil* v. *Garland,* 27 Ark. 343; *Parker* v. *Carter,* 91 Ark. 162, 120 S. W. 836. The account sued on was just an open running account, consisting of various items, and the real question in the case is whether or not the payments generally upon the account interrupted the running of the statute so as to constitute a new point from which the statute began to run. According to the statement of facts, the payments were made on the account, and not in discharge of any particular item.

The doctrine contended for by counsel for appellee is aptly stated in the decision in *Day* v. *Mayo,* 154 Mass. 472, 28 N. E. 898, as follows:

"Where a partial payment is made on account of an existing indebtedness, the whole debt upon which such payment is made is thereby taken out of the statute of limitations up to that time. The identity of the debt sued on with that upon which the payment was made must, of course, be established. But, if it is shown that the payment was made to apply upon an indebtedness consisting of many items, all of them will thereby be saved from the effect of the statute. The payment is an acknowledgment of the existence of the indebtedness, and raises an implied promise at that time to pay the balance."

This court has adopted the same rule. In *Nunn* v. *McKnight,* 79 Ark. 393, 96 S. W. 193, the decision of this particular question was not essential to a disposition of the issues in the case, but Judge RIDDICK, who wrote the opinion of the court, stated his own personal view to be that a payment generally on account would "make a new point for the running of the statute as to the whole account." In *Pettus* v. *Rawles,* 131 Ark. 125, 198 S. W. 874, we distinctly recognized the rule that a payment of that kind would arrest the statute, but we found that, under the circumstances of that particular case, there was not such a payment made. In *W. T. Rawleigh Co.*

v. *Pritchard,* 151 Ark. 390, 236 S. W. 833, we decided outright that a general payment on account, without specifying any particular item, constituted such a payment on the whole account as would arrest the running of the statute. Counsel for appellant insist that this rule would only obtain in the case of an account stated, but we do not think that the rule can be thus limited, for a payment made generally on a running account is as much a recognition of the continued existence of the whole debt as if it were upon an account stated.

Our conclusion is that the court was correct in its ruling, and the judgment is therefore affirmed.